*Chambersburg,*
*Saturday,*
October 6.

SHEELER *against* SPEER.

IN ERROR.

A leading interrogatory must be objected to at the time it is put to the witness. If no exception is then taken by the opposite party, the answer of the witness to the leading question, cannot be opposed upon that ground, when his deposition is read upon the trial.

Notice of the time and place of taking depositions under a rule of court, should have convenient certainty. The bare mention of a house in a certain county is too vague, unless it is a place of public notoriety.

UPON a writ of error to the Common Pleas of *Franklin* county, the case was as follows:

The defendant in error brought an action against *Sheeler* for slander, in which the declaration alleged that he spoke the following words of the plaintiff, being an iron master, in a conversation concerning him as an iron master. " He" (the said *Speer* meaning) " will be broke up in a few days;" meaning that the said *Speer* was insolvent and unable to pay his debts; " and the hands" (the workmen and tradesmen meaning) " will get nothing for their work," (innuendo that the said *Speer* would defraud his hands of their just wages.) And in another conversation, &c. he spoke the following words of the plaintiff in his trade aforesaid, he the said defendant then being in the service of the said plaintiff, and having the superintendence of the said plaintiff's furnace. " I" (himself meaning) don't care the devil had the furnace" (the plaintiff's furnace meaning) " if I had my money" (meaning a debt contracted by the defendant with the plaintiff.) " I " am afraid I never shall get my money. *Speer* will soon be " broke up, and you (the said workmen, &c. meaning) are all " working for nothing, &c."

Upon the trial of the cause the plaintiff offered in evidence the deposition of a certain *Richard Dean,* taken before a jus-

tice of the peace, agreeably to a rule of court. The first part of the deposition stated that *Sheeler* upon a certain occasion asked the witness, who was a filler at *Speer's* furnace, how many baskets of ore were on; he answered fourteen. *Sheeler* ordered him to put two more on. The witness objected that the furnace was already too high. *Sheeler* told him to do as he was ordered, " and drive her to hell, for he expected to be the owner of her in a short time." Then followed these interrogatories by the plaintiff.

1st. Did you not hear Mr. *Sheeler* say that he did not care the devil had the furnace, if he had his money, but that he was afraid he would never get his money?

Ans. Yes I did.

2d. Did you hear Mr. *Sheeler* say, that in a few days Mr. *Speer* would be broke up, and that they were all working for nothing?

Ans. Yes I did.

3d. Was it before you had made the promise against drinking spirits or after, that you heard Mr. *Sheeler* express himself in the manner you say?

Ans. After I had made the promise.

To these succeeded certain interrogatories by the defendant, and the answer of the witness.

The defendant's counsel objected to reading the answers to the first and third interrogatories,* because the questions were leading; but the court permitted them to be read, and sealed a bill of exceptions.

The defendant then offered in evidence the depositions of *John Gresson* and *Peter Debow*, taken *ex parte* under a rule of court, and the following notice. " *Speer* v. *Sheeler:* " Sir, take notice that the depositions of witnesses will be " taken in this cause at the house of *Thomas Fannegan* in *Bed-* " *ford* county, on the twentieth day of this month, where you " may attend if you think proper. *John Sheeler*, 4th *Feb.* " 1807. To Mr. *James Speer*." To this the plaintiff's counsel objected, upon the ground that the notice had not been sufficiently certain; and of that opinion were the court, who overruled the evidence, and sealed another bill of exceptions.

* It is probable that the *second* interrogatory and answer were the object of exception instead of the *third*, as no objection was made to the latter upon the argument in this court.

1810.

SHEELER
*v.*
SPEER.

*Brown* and *Dunlop* for the plaintiff in error. There can be no doubt that the first was a leading question, and therefore an illegal one; and the magistrate was not to decide whether it was so or not. The party is always intitled to take the answer before the magistrate, and when it comes before the court, they decide in the first instance. The whole deposition was exceptionable. The witness begins by stating an attempt to injure the furnace, which was in no way pertinent to the slander; and after that his answers are merely an echo to the interrogatories.

The notice which intitled the defendant to read *Gresson's* deposition, had convenient certainty. Nothing more is necessary. *Fannegan* was a justice of the peace, and might have been found upon the least inquiry. But the defendant did not shew that any inquiry was made, and therefore he shewed no inconvenience from the notice. To require the township, or the distance from some notorious place, might be a source of great vexation; it might be impracticable to bring home knowledge to the opposite party.

*Watts* and *Duncan* for the defendant in error. The first part of *Read's* deposition was read without objection; and it cannot now be the subject of remark. The first interrogatory too and the answer were proposed and received without any exception at the time; and it therefore was not competent to the defendant to except to them after the deposition was finished. Had an objection been taken before the witness was discharged, the question might have been varied, or waived altogether. To permit it now, would be to expose parties perpetually to surprise; and it would countenance one of the parties in preparing a snare for the other. The third interrogatory certainly contains nothing improper.

*County* is a much too general description. At least the township should be indicated, to prevent occasion from being taken by this loose sort of notice, to elude inquiry, and to get possession of *ex parte* testimony. Notice of the execution of a writ of inquiry, should specify even the sign of the house, and that it will be executed between two certain hours. *Arnold* v. *Squire* (a); 1 *Esp. Dig.* 171. Here the whole day is men-

(a) *Sayre* 181.

tioned; and unless the plaintiff was present all day, still he might be baffled. This would open a great door for fraud. The notice does not say that *Fannegan* is a justice of the peace; on the contrary, the usual title of that magistrate is omitted.

1810.

SHEELER
v.
SPEER.

TILGHMAN C. J. In this case there are two bills of exceptions. The first was to part of the deposition of *Richard Dean*. The bill appears to have been drawn in great haste, and is not as intelligible as could be wished. I shall adopt the construction put upon it by the counsel for the plaintiff in error, which is, that the only parts excepted to, were the first and third interrogatories and the answers to them. If that part of the deposition which precedes the interrogatories had been excepted to, I should have had great doubt on it; because it seems to have led to the disclosure of matter, which may be the subject of another action.

The objection to the first interrogatory is, that it is a leading one. I do not think the question was properly put; but the defendant should have objected to it at the time; he was present and cross-examined the witness. If it had been objected to, it might have been waived. It was too late to make the objection at the trial.

As to the third interrogatory, and the answer to it, there is nothing improper in either. I need say nothing on that subject, as nothing has been said in the argument.

The second bill of exceptions was taken on the rejection of the depositions of *John Gresson* and *Peter Debow*. They were rejected, because the notice of taking them was not sufficiently certain. It only mentions that they were to be taken on the 20th *February*, " at the house of *Thomas Fan-* " *negan* in *Bedford* county." This is certainly a very vague description of time and place. I am not for tying up the party to unnecessary strictness. It is usual to mention certain hours, between which the deposition is to be taken. I give no opinion however on that defect. But it appears to me, that the bare mention of the *county* is too loose a description of place. If the township had been mentioned, or any place of notoriety in the neighbourhood of which the house was, where the deposition was to be taken, it might have done.

1810.

SHEELER
v.
SPEER.

As the taking of depositions is a great accommodation to the party, whose witnesses are examined, it may reasonably be insisted on, that he should give such notice, as may enable his adversary to find the appointed place, without extraordinary trouble. I cannot say that the court of Common Pleas were wrong in rejecting these depositions.

Upon the whole case, my opinion is, that the judgment be affirmed.

YEATES J. It is a satisfactory answer to the objection now made to the leading question proposed to *Dean* the witness, that it was not taken at the time; and so also as to what passed respecting the overloading of the furnace. If the judge on being appealed to, had declared that the latter conversation was evidence in this cause, I should have thought it erroneous; for another suit might be brought for this act, and damages would thus in such a case be twice recovered for the same misconduct.

I know of no other general rule, which has been adopted as to the form of a notice to take depositions, except this, that it should contain *convenient certainty*, as to the time and place of taking them. Different gentlemen practise with more or less precision in this particular. The court will not expect the same exactness in these cases, as in a notice to attend the execution of a writ of inquiry of damages; but they will avoid a laxity, which may tend to defeat the benefit of a cross-examination by the adverse party. The notice on the face of it should be sufficiently correct, to inform the party *when* and *where* he should attend, without hunting through a whole county for information.

I consider the notice of the 4th of *February* to attend *at the house of Thomas Fannegan in Bedford county* on the 20th *February*, as too loose. It does not appear, that this house was a place of public notoriety; on the contrary, it is admitted, that *Fannegan* was a newly created justice of the peace, and *esquire* was not added to his name. The uncertainty is augmented by the notice of 1st *February* to take depositions before *Amos Evans esq.*, without naming any place, on the same 20th of *February*.

I concur that the depositions were properly overruled in

evidence, and that the judgment of the court of Common Pleas of *Franklin* county be affirmed.

1810.

SHEELER
*v.*
SPEER.

BRACKENRIDGE J. I concur in the opinion of the Chief Justice in all respects.

Judgment affirmed.