Parker C. J.
delivered the opinion of the Court. The objection made to the reading of seven depositions, which had been taken to be used in the case, is, that, after being opened in court and certified by the clerk, they were taken out of court by the counsel who produced them, and not replaced upon the files until this trial, several terms having occurred in the interval. It is not suggested, that there has been any unfair practice with the depositions, or that the plaintiff was prevented from seeing them, but the objection stands altogether upon a supposed violation of the rule of court, which relates to the custody of depositions after they shall have been opened in court.
Under the circumstances of this case, the Court think the objection ought not to have prevailed at the trial. The code of rules now in force was not so when the act took place to which the objection refers. It is true, there was a similar rule existing when the new code was passed, but it is equally true, that either from want of sufficient promulgation, or from laxness of the Court in enforcing it, or from mutual indulgence at the bar with respect to this and other rules of the old code, the rule in question was scarcely ever enforced ; and a general practice prevailed among the members of the bar, to take depositions from the files and keep them with the other papers of the cause, until they should be wanted in court, or by the adverse counsel for examination. On inquiry, we are satisfied that this was the general practice, and that it had become so general, that an objection to the reading of a deposition because it was not on the files in the vacation would have been heard with dissatisfaction at the bar, unless some unfair or injurious conduct in relation to it had been practised. So little were the old rules practically known, that we think it not unlikely that most of the younger members of the profession were ignorant that any existed. This cause, among others, induced the *319 Court to revise, amend, and add to the code, and, by providing for a prospective operation, and a sufficient promulgation, to take away all excuse for not conforming to it.
The depositions in question were first received in Court, and were taken from the files, during this lax administration of the rules, and the counsel on both sides must be supposed to have acted under the belief, that they were violating no rule, as both treated their depositions in the same manner. The plaintiff’s counsel had reference to the tenth of the present code of rules, when he made his objection, and it is very likely did not know of the existence of a similar rule in the old code ; if he did, it is obvious that he did not think it in force, or he would have not violated it himself. We do not consider this general disregard of the rule, at the bar, as having the effect of repealing it, or preventing the enforcement of it where counsel should take the exception ; but as objections to the form of taking depositions may be waived by the adverse counsel, so this rule, which is made for the security of the parties against whom depositions are used, may be waived by such parties in any particular case ; and the present case depends upon the question, whether there has not been a virtual waiver of the rule in relation to these depositions.
It appears that these depositions were taken merely for the purpose of discrediting one Tite, whose deposition was taken by the plaintiff and was expected to be used in the case. On a former trial, the deposition of Tite was not used, and, of course, these were unnecessary. Before the last trial, the plaintiff’s counsel intimated that he should object to the admission of the defendants’ depositions, because they had not been on file, as required by the tenth of the present code of rules ; to which the defendant’s counsel replied, that the same objection lay to the plaintiff’s deposition against which the defendants’ depositions were to be used. Nothing further was said. Now the defendant’s counsel had a right to suppose, either tnat Tile’s deposition would not be produced on the trial, as it had not been before, or that, if used, it was because the plaintiff’s counsel had concluded to waive his objection. It was for this cause, without doubt, that Tile’s deposition was suffered to be read without objection ; and we think the mere act of reading *320 it by the plaintiff’s counsel, under these circumstances, amount ed to a declaration that he did not intend to take the exception ; and the conduct of the other party, in suffering it to be read, shows that he so understood it. This must be considered, therefore, as a waiver by both parties of a right to enforce the rule in this particular case, and so the depositions were properly read to the jury.
The other objection presents a point of practice very proper to be settled, as the increasing necesssity for depositions to be taken abroad under commissions renders it desirable that some fixed rule should be adopted. The objection is, that one of the interrogatories put by the defendants’ counsel to the witness was of the character of a leading question ; and it clearly was so. The point to be determined is, at what time an exception to such an interrogatory shall be taken, whether when it is put, or after the commission is returned and the evidence is to be. read in court.
There are objections to both periods on account of inconvenience. If the exception is required to be taken before the commission goes, it may happen that there will be no one who has a right to decide whether the question is a proper one or not, as the commission may be taken and the interrogatories filed when no court is in session and no judge can be found ; and, if one judge is appealed to, he may be mistaken in the character of the question. On the other hand, if the interrogatory is suffered to pass without objection, the party at whose instance the deposition is taken may lose the expense and the benefit of his evidence, or great delay may take place without any fault of his, when, if he had been apprized of the objection, he might have withdrawn or varied his question.
We think the rule adopted in the State of Pennsylvania, as stated in 3 Binn. 130, is the most proper and convenient one, viz. that the exception shall be taken before the interrogatories are sent on, and a memorandum made of it, so that the court before which the deposition is read may decide on the legality of the question, and that, at the same time, the party who wants the evidence may be apprized of the exception in season to avoid any difficulty, by changing his interrogatory, or *321 wholly withdrawing it, as the case may justify. The subsequent :ase in Pennsylvania does not directly overrule the case cited, and if it did, we should still think the rule laid down in the former case a proper one.[1]

Motion for a new trial overruled.

 See Anon. 2 Pick. 165. A leading interrogatory in a deposition, taken when both parties are present, must be objected to at the time when it is put to the witness Woodman v. Coolbooth, 7 Greenl. 181. In Kentucky, it is held not to be necessary to object to leading interrogatories before the commissioner who takes the deposition; the objection may be made when the deposition is offered to be read. Craddock v. Craddock, 3 Littell, 77. See Sowers v. Flower, 14 Martin’s Louisiana R 617.