That remark of Lord Ellenborough is not always true. VideNicholls vs. Dowding, 1 Stark. N. P. C 81.
Frame asked leave to reply to the authorities cited.
The objection is not to a defective deposition as of heresay matters, nor to a commission defectively executed or returned, as where it is addressed to one person and returned by another; but the objection is to the interrogatory alone, and seeks to exclude a competent deposition properly taken and returned, on the ground of an irregular interrogatory. Now this interrogatory was filed, and notice of it given to the other side a year ago. Even in Chancery, if you omit to object to interrogatories in due time, you are precluded at the trial. Every good, interrogatory must direct the mind of the witness to the subject matter of inquiry, and it is difficult to say precisely, what is a leading question. 1 Stark. 124. Equity Draftsman.
 Bayard. — You may direct a witness' mind to the point, but not ask particulars, or suggest to him an answer. This is undoubtedly a leading interrogatory. I had no knowledge of the deposition until this morning. It would be a good practice to require exceptions to be filed to interrogatories before commission issued, but there is no such practice. In our practice, a party frames his interrogatory at his peril just as he puts a question to a witness at the trial.
By the Court. — We are of opinion that this deposition ought not to be suppressed. We incline to think the interrogatory is a leading one, but it is a very different question whether the deposition should now be suppressed on this account. *Page 5 
This deposition has been returned for twelve months. The party has submitted to it, taken no exceptions, but permits the jury to be drawn. If this course prevail, there is an end of reading depositions before a jury. The party might protest against an interrogatory and then the other side would take it at his peril. The question must be objected to at the time; therefore, if in taking the deposition of a witness a leading question be put and answered, it cannot afterwards be excepted to at the trial. Sheeler vs. Speer, 3 Binn. 130. Where depositions have been taken in an ancient suit to perpetuate testimony, it cannot be objected that the answers were given to leading interrogatories, since the party to the proceedings might have objected to them, and have had them expunged, instead of which he allowed publication to pass, and the evidence to be exemplified. 1 Stark. Ev. 270.
The deposition was admitted.
In the course of the examination of witnesses, the plff. called Dr. John Gibbons, a justice of the peace, to prove certain declarations made to him by the deft. on the occasion of swearing articles of the peace against the plff. It was objected that this testimony if at all admissible, was only evidence to show express malice, and could not be the foundation of an action it being a privileged communication. The direction of the Court was asked on this point. 1 Vin. Ab. 390; 4 Co. R. 14; 3 Esp. R. 33; 5 Esp. R. 109; 4Yeates, 507; 5 Johns, 509.
The case was very fully argued by Layton and Frame for the plff., and Cullen, Bogers and Bayard, for the deft. and
The Court, by the Ch. Jus., charged the jury as follows: