## THE STATE v. NEWMAN & LEVIE.

1. Under an indictment for selling to a slave, without the consent of his master, one yard of cotton cloth, it is not necessary that the evidence should prove that the cloth sold was of cotton.

2. In every criminal case, the defendant's guilt must be made out by evidence of a conclusive nature and tendency, and must exclude any reasonable supposition of innocence.

On points reserved by the Circuit Court of Lowndes as novel and difficult.

THE defendants were indicted for selling to a slave one yard of cotton cloth, without the consent of his master, &c. At the trial there was proof tending to show that the defendants delivered to the slave a whole piece of cloth. They asked the Court to charge the jury, unless they were convinced from the evidence that the cloth sold was "*cotton cloth*," as charged in the indictment, they could not find the defendants guilty. This was refused, and the jury was instructed that it did not matter what species of cloth was sold, if the jury were satisfied that any cloth was sold by the defendants to the slave. The defendants further asked the Court to charge the jury, (the evidence being circumstantial,) that it must point to the defendants guilt so strongly as to exclude every other reasonable hypothesis. This the Court refused, and charged the jury that this was a rule of law applicable to capital cases, but did not apply to misdemeanors to the extent stated. Both questions, however, were reserved for the consideration of this Court, as novel and difficult.

G. W. GAYLE, for the defendants.
ATTORNEY GENERAL, contra.

GOLDTHWAITE, J.—1. We do not think that the cases cited have any direct application to that before us. In prosecutions for larceny, the identical thing alledged to be stolen constitutes the gist of the offence, and therefore no latitude can be indulged in the description. Another reason in such cases is, that the indictment must be sufficiently certain in description to convict the defendant if he is subsequently prosecuted for the same offence. [State v. Murphy, at this term.] Under the statute upon which the prosecution is founded the offence is the trading with the slave for any commodity without the consent of the master, &c. The consequence is, that it is less material to inquire what was sold, than it is, that it was a commodity, within the terms of the statute. It would have been sufficient to alledge generally a yard of cloth, and its fabric or color is not essential. We, therefore, come to the conclusion there is error in refusing the charge asked for in this connection.

2. The other charge ought to have been given. It is essential that the evidence in every criminal case should be of a conclusive nature and tendency; this can never be where it does not exclude all reasonable doubts of the guilt of the person upon trial. If then the evidence is of such a nature as not to exclude a reasonable supposition of innocence, it cannot with propriety be said to be sufficient to convict. The true rule on this subject is stated in The State v. Marler, 2 Ala. Rep. 43; and is, that the jury must be satisfied beyond a reasonable doubt of the guilt of the prisoner; this can never be the case so long as the evidence does not exclude any reasonable supposition of innocence. [The State v. Murphy, at this term.]

For the error in this charge the judgment must be reversed, and the cause remanded for another trial.