Memphis & Charleston Railroad Company v. Bibb.

---

## MEMPHIS & CHARLESTON RAILROAD COMPANY vs. BIBB.

[ACTION AGAINST RAILROAD COMPANY, TO RECOVER VALUE OF HORSES KILLED BY LOCOMOTIVE.]

1. *Objection to interrogatory to witness; when made.*—When a deposition is taken without filing interrogatories, an objection to a question, on the ground that it is leading, must be made at the examination of the witness, and comes too late when made for the first time at the trial.

2. *Statutory liability of railroad company; general charge on evidence.*—In an action against a railroad company, to recover the value of horses run over and killed by the defendant's engines and cars, if the evidence simply shows that the horses were run over and killed by a train of cars, and that the engineer in charge of the train failed, at the time the accident occurred, to comply with the requisitions of the statute as to blowing the whistle, ringing the bell, reversing the engine, &c., (Session Acts 1857-8, p. 15,) the court is not authorized to charge the jury, that, if they believe the evidence, they must find for the plaintiff: such a charge is an invasion of the province of the jury, who alone could infer from the evidence that the damage was caused by the engineer's neglect of duty.

APPEAL from the Circuit Court of Jackson.
Tried before the Hon. S. D. HALE.

THIS action was brought by A. S. Bibb, against the appellant, a corporation chartered by an act of the legislature of this State, to recover the value of two horses, which were run over and killed by a train of cars belonging to the defendant; and was commenced on the 5th of November,

1859. No pleas appear in the record. "When the cause was called for trial," as the bill of exceptions states, "the defendant moved the court to suppress the second interrogatory, with the answer thereto, contained in the deposition of the witness Rigney, because said interrogatory is leading." The deposition of this witness was taken without filing interrogatories; but the commissioner by whom it was taken wrote down the questions which were asked, with the answers thereto. The court overruled the motion, and the defendant excepted.

The witness Rigney testified, that he was a passenger on the train of cars by which the plaintiff's horses were killed; that his attention was attracted by the continuous blowing of the whistle, and, on looking out of the window, he saw the horses on the railroad track, running at full speed, and apparently much frightened; that the cars were moving with their usual velocity, were not more than fifty yards behind the horses, and were gaining on them; that the horses, when he first saw them, were about one hundred and fifty yards distant from the railroad bridge across Paint Rock River, and were running towards the bridge; that they were overtaken by the cars just before reaching the bridge, were run over, and killed; and that the speed of the cars was not checked until they were very near the bridge, and not in time to save the horses. It was proved by the plaintiff, that the railroad track was crossed by the public road leading from Huntsville to Bellefonte, at a point which was variously estimated by the witnesses at from four to six hundred yards from the bridge; that the track, at the crossing, was on an embankment about eight feet high, which gradually increased to about twenty-five feet at the bridge, and was an up-grade; and that the engineer, who had charge of the train at the time of the accident, did not blow the whistle, nor ring the bell, before reaching the crossing. The value of the horses was also proved. The above being the substance of all the evidence introduced by the plaintiff, and the defendant introducing no evidence at all, the court charged the jury, "that,

if they believed the evidence, they must find for the plaintiff;" to which charge the defendant excepted.

The charge to the jury, and the ruling of the court on the evidence, as above stated, are now assigned as error.

WALKER & BRICKELL, for appellant.

ROBINSON & JONES, *contra.*

STONE, J.—The objection to the form of the interrogatory, if there be anything in it, came too late. It should have been made at the examination of the witness; for, to hold otherwise, would license parties to experiment, and greatly hinder the ascertainment of truth.—*Kyle v. Bostick*, 10 Ala. 589; *Sayre v. Durwood*, 35 Ala. 251; *Towns v. Alford*, 2 Ala. 378; 3 Bin. 130; 10 S. & R. 63.

[2.] The act "to define and regulate the liability of railroad companies," approved February 9th, 1852, which was construed in *Nashville & Chattanooga Railroad Co. v. Peacock*, (25 Ala. 230,) was materially modified, and some of its provisions repealed, by the later statute, of the same title, approved February 6th, 1858.—See Session Acts of 1851-2, p. 45; and of 1857-8, p. 15. The later statute was of force when the plaintiff in the present suit sustained the injury of which he complains.

The act of 1858, after declaring that it is "the duty of the engineer, or other person having control of the running of a locomotive on any railroad in this State, to blow the whistle, or ring the bell," and to apply the brakes, and reverse the engine in certain cases, employs the following language: "That all railroad companies, in whose employment said engineers are at the time of any accident occasioned by failure to comply with the provisions of the first section of this act, shall be liable for all damage done to persons, stock, or other property, on account of said failure to comply with the requirements of this act, or on account of any negligence whatever on the part of the railroad company or its agents, and in no other case."

The testimony in this case tends to show, that the en-

gineer failed to comply with the provisions of the first section of the act of 1858 ; and to this extent, there does not seem to have been any conflict in the testimony. But there was no witness who testified, or probably could testify, . that the accident complained of was *occasioned* by the engineer's omission of duty. , Before it could be affirmed that Mr. Bibb had lost his horses *on account* of the engineer's failure to comply with the duties enjoined on him by the statute, it was necessary that some other fact should be inferred from those of which proof was made. It is the province of the jury to draw inferences of fact; but the court can draw no such conclusions, except the case be within the operation of some legal presumption.—See *Br. Bank v. Crocheron*, 5 Ala. 250 ; *Ward v. State*, at the last term ; *Bliss v. Anderson*, 31 Ala. Rep. 612. The charge given on the effect of the evidence, if believed, invaded the province of the jury.

This case is not affected by the act of the late extra session of the legislature.—Pamphlet Acts, 37. ,

Reversed and remanded.

R. W. WALKER, J., not sitting. ,