# WALKER'S ADM'R vs. WALKER'S ADM'R.

[ACTION ON COMMON COUNTS, BY WIFE'S, AGAINST HUSBAND'S ADMINISTRATOR.]

1. *Husband's interest in wife's personalty.*—At common law, where an estate in personalty vested in the wife under a will, and became a legal interest by the assent of the executor, and went into the possession of the person in whom was vested the precedent particular estate, and no adverse possession was shown, such estate passed to the husband by virtue of his marital rights ; but the wife's distributive share of an intestate's estate did not vest in the husband, unless he reduced it to his possession before the death of the wife.
2. *Presumed existence of common law in other States.*—In the absence of proof to the contrary, the common law will be presumed to exist in other States, unaffected by statutory provisions.
3. *General charge on evidence.*—A charge to the jury, instructing them that, "if they believed the evidence, they must find for the defendant," is equivalent to a demurrer to evidence and joinder therein ; and such charge should never be given, where the jury could legally find a verdict against the party in whose favor it is given.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Cleveland Croft, as the administrator of Mrs. Matilda Walker, deceased, against Mrs. Martha T. C. Walker, as the administratrix of Jethro Walker, deceased, who was the husband of said Matilda Walker ; and was commenced on the 21st February, 1860. The complaint contained the common counts, on an account stated, and for money had and received. The record does not show what pleas were filed. The object of the action was to recover the sum of nine hundred and nine 95-100 dollars, with interest thereon, which the said Jethro Walker received, on the 20th July, 1853, from George W. A. J. Walker, the administrator of Mrs. Matilda Walker in Georgia, as her share of the property coming to her under the will of her deceased father, John S. Zachary. On the trial, as the bill of exceptions shows, it was admitted that

the plaintiff was the legal administrator of the estate of Mrs. Matilda Walker, and that the defendant was the legal administratrix of the estate of said Jethro Walker; and, in addition to these admissions, the only evidence adduced was as follows: 1st, the receipt of said Jethro Walker, to said George W. A. J. Walker, for the money sought to be recovered; 2d, a written admission of counsel; and, 3d, a transcript from the records of the superior court of Jones county, Georgia, showing the proceedings therein had, in a certain cause, hereinafter more particularly described, connected with the estate of said John S. Zachary.

The receipt, which was dated the 20th July, 1853, and signed by said Jethro Walker, was in these words: "Received of George W. A. J. Walker, administrator of my deceased wife, Matilda Walker, the sum of nine hundred and nine dollars and ninety-five cents, in full payment of the share coming to her under the will of her father, the late John Zachary, as ascertained and determined by a decree and judgment in the superior court of Jones county."

The agreement of counsel was as follows: " It is agreed in this case, that John S. Zachary was the father of Mrs. Matilda Walker, and died in Jones county, Georgia, in 1841, leaving his will, which was duly admitted to probate, in said county of Jones, in 1841; and that the exhibit to the transcript from the records of the superior court of said county of Jones is a correct copy of said will; and that said Matilda Walker died, in 1844, in Macon county, Alabama, where she was then residing with her husband, said Jethro Walker; and that Mrs. Eliza Zachary, the widow of said John Zachary, and the mother of said Matilda Walker, died in 1849; and that George W. A. J. Walker was appointed administrator of the estate of said Matilda Walker, by the ordinary of said county of Jones, in July, 1850; and that the said George W. A. J. Walker, as such administrator, recovered from the executor of the said John S. Zachary, in October, 1851, in the superior court of said county of Jones, the sum of eight hundred and eighty-two 67-100 dollars, being the share of the said Matilda in the property bequeathed by the third item of the will of said John S. Zachary, to Mrs. Eliza Zachary for life, which

property had been sold by the said executor; and that said sum, with the interest thereon, amounting in the aggregate to the sum of nine hundred and nine 95-100 dollars, was received by the said Jethro Walker, from the said George W. A. J. Walker, as such administrator, as per his receipt, which is admitted; and that the said John S. Zachary was residing in said county of Jones at the time of his death. It is agreed, also, that the transcript from the records of the superior court of said county of Jones, in the case of George W. A. J. Walker *v.* Abner S. Zachary, may be used as evidence on this trial as often as may be necessary; and that the property mentioned in the third item of said will went into the possession of the said Eliza Zachary, after the probate of said will and the qualification of said executor, and was used and enjoyed by her during her life, by and with the consent of said executor."

The transcript from the records of the superior court of Jones county, Georgia, showed the proceedings had under a bill in equity, filed in said court, on the 31st August, 1850, by said George W. A. J. Walker, as the administrator of the respective estates of Matilda Walker and Mary Ann Harrison, deceased, (both of whom were daughters of said John S. Zachary,) against Abner S. Zachary, as the executor of the last will and testament of said John S. Zachary; and sought a discovery and account of the assets of the estate, and a decree for the respective distributive shares of the complainant's intestates; and particularly as to the property embraced in the third item of the testator's will, which was in these words: "After the payment of my just debts, I wish my wife, Eliza Zachary, to have given to her, at fair valuation, an equal portion of the negro property with the other legatees, and such negroes as she may select; also, an equal portion of the household and kitchen furniture, horses, cattle, and hogs, with provisions sufficient for one year; also, the privilege of timber from the wood lands, if, in the selection of her dower, she may choose the cleared land; to use and enjoy the aforesaid property during her natural life, *and at her death to revert to the surviving legatees.*" The point of controversy in the case was the meaning of the words "*surviving legatees*" in this clause; the complain-

ant insisting, that it included all the legatees who were living at the death of the testator, his intestates being two of them ; while the executor contended, that it meant only the legatees who were living at the death of the widow, and thus excluded the complainant's intestates, both of whom died before the widow. A decree was rendered in the cause, on the 21st October, 1851, on the verdict of a jury, in favor of the complainant, as the administrator of each of his intestates, for eight hundred and eighty-two 67-100 dollars ; and this is the decree which was afterwards paid to said Jethro Walker, and the money sought to be recovered in this case.

" This was all the evidence in the cause on the trial. Upon that evidence, the court charged the jury, that, if they believed all the evidence, they must find for the defendant"; to which charge the plaintiff excepted, and which he now assigns as error.

GRAHAM & ABERCROMBIE, for appellant.—1. An action for money had and received lies against the husband, in favor of the wife's administrator, to recover money paid over to him under a legacy to her, to which his marital rights never attached.—*Johnson v. Johnson*, 33 Ala. 284.

2. The husband's marital rights never attached to the money in this case. He never had constructive possession of it during coverture, and reduced it to actual possession several years after the death of the wife. The question is not, whether he had a right to reduce it to possession, but whether he did in fact reduce it to possession. The Georgia record shows, that the executor disputed the wife's right to the legacy, and that her administrator was compelled to assert her right by suit ; and this judgment, being unreversed, cannot be collaterally impeached.— *Trustees of University v. Kellar*, 1 Ala. 406 ; *Slaughter v. Cunningham*, 24 Ala. 260. The executor's assent to the legacy to the tenant for life, therefore, was a constructive assent to the legacy to those remainder-men only whose right he admitted.— *George v. Goldsby*, 23 Ala. 333 ; 1 Roper on Legacies, (3d ed.) 736 ; 10 Vesey, 242. The husband, then, having had neither actual nor constructive possession during cov-

erture, his marital rights never attached.—*Hair v. Avery,* 28 Ala. 273; *Gibson v. Land,* 27 Ala. 129; *Mason v. McNeill,* 23 Ala. 201; *Machen v. Machen,* 28 Ala. 374; *Lockhart v. Cameron,* 29 Ala. 363; Clancy on Husband and Wife, 8–9.

D. CLOPTON, *contra.*—1. The husband was not concluded by the Georgia record, to which he was neither a party nor privy.—*McLelland v. Ridgeway,* 12 Ala. 482; *Crutchfield v. Hudson,* 23 Ala. 393. Neither was he concluded by his receipt to George W. A. J. Walker.—*Hopper v. McWhorter,* 18 Ala. 229; *Winston v. Westfeldt,* 22 Ala. 760; *Gamble v. Gamble,* 11 Ala. 966; *Jordan v. Autrey,* 10 Ala. 276.

2. The executor's assent to the legacy to the tenant for life, was an assent to the legacy in remainder; and the husband thereby became, by virtue of his marital rights, a tenant in common with the other remainder-men.—*Gibson v. Land,* 27 Ala. 130; *Walker v. Fenner,* 28 Ala. 367. That this was a sufficient reduction to possession, is conclusively settled by the following cases: *Pitts v. Curtis,* 4 Ala. 350; *Magee v. Toland,* 8 Porter, 37; *Chambers v. Perry,* 17 Ala. 726; *Hopper v. McWhorter,* 18 Ala. 229; *Gwynn v. Hamilton's Adm'r,* 29 Ala. 233.

BYRD, J.—1. It may now be considered as settled, by repeated decisions of this court, that where an estate in personalty has vested in the wife under a will, and by the assent of the executor it has become a legal interest, and the possession is with the person in whom the precedent particular estate is vested, and no adverse possession is shown, such estate of the wife passes to the husband by virtue of his marital rights, at common law. There are expressions used in the opinions of this court, in the cases of *Mason v. McNeill,* (23 Ala. 208,) and of *Hair et al. v. Avery et al.,* (28 Ala. 267,) and perhaps in other cases, which may militate against this doctrine as stated; but we conceive it to be fully sustained by the following decisions: *Magee v. Toland,* 8 Porter, 36; *Pitts v. Curtis,* 4 Ala. 350; *Broome v. King,* 10 Ala. 819; *Chambers v. Perry,* 17 Ala. 736; *Gibson v. Land,* 27 Ala. 117; *Walker v. Fenner,* 28 Ala. 367; *Williams v. Avery,* 38 Ala. 115. It is also settled,

that, at common law, if a *femme covert* is entitled to a distributive share of an estate, and she dies before the husband reduces it to possession, no title thereto vests in him, but it goes to her personal representative.—*Hair v. Avery*, 28 Ala. 267, and authorities therein cited. These propositions are stated as the result of the decisions of this court upon common-law principles, and not upon the statutory law of this State.

2. In the absence of any proof on the subject, we will presume that the common law is, and was, in force in the State of Georgia, and that there was no statute law in conflict therewith. When Matilda Walker died, these propositions were the settled law of this State, unaffected by any statutory enactments.

3. In this case, it does not appear from the evidence that the executor assented to the legacy, and delivered possession of the property to the tenant for life, before the death of Matilda Walker. The charge given by the court is equivalent to, and must be treated as, a demurrer to the evidence, and a joinder therein by the appellant.—*Hollingsworth v. Martin*, 23 Ala. 591. The court should not give such a charge, where the jury could legally find a verdict against the party in whose favor the charge was given.—*Mims v. Central Bank*, 2 Ala. 296. A demurrer to evidence admits every fact which the testimony tends to establish, or which the jury might properly infer from the testimony.

In this case, *upon the points argued by counsel*, the appellant introduced evidence, upon which the jury might have legally found a verdict in his favor. It devolved on the appellee to show, that the property bequeathed by the 3d item of the will went into the possession of the tenant for life before the death of Matilda Walker. Whether that would have been a good defense to this action, under the other facts of this case, we intimate no opinion, as counsel have argued this case upon the supposition, that the record showed that the tenant for life had obtained possession of the property, by the assent of the executor, before the death of the remainder-man. In such a case as this, the court should not have given the charge it did.—*Henderson*

v. *Mabry*, 13 Ala. 713 ; *Armstrong's Executor v. Armstrong*, 29 Ala. 538 ; *White v. Hass*, 32 Ala. 432 ; *Memphis & Charleston Railroad Co. v. Bibb*, 37 Ala. 699.

There are other questions, which might have been raised upon the evidence and the charge of the court ; but, as they have not been argued, and the evidence may be different on another trial, we shall not notice them.

The judgment must be reversed, and the cause remanded.