## WEATHERFORD *vs.* THE STATE.

[INDICTMENT FOR RAPE.]

1. *Verdict ; what insufficient to authorize any sentence by the court.*—On a trial for the crime of rape, a verdict in the following words : " We, the jury, find the prisoner guilty as charged in the indictment, and sentence him to imprisonment in the penitentiary," is defective, and not sufficient to authorize the court to sentence the prisoner to imprisonment in the penitentiary for life, or for any other term.
2. *Section 3661 of the Revised Code; province of jury under.*—Under section 3661 of the Revised Code, the jury must determine not only the character of the punishment, but also its extent.

APPEAL from the City Court of Mobile.
Tried before the Hon. C. F. MOULTON.

The facts are sufficiently stated in the opinion.

No counsel for appellant.
JOSHUA MORSE, Attorney-General, for the State.

[No briefs came into the hands of the reporter.]

PECK, C. J.—The appellant was indicted in the city court of Mobile for the crime of rape.

On the trial, the jury returned a verdict in the following words, to-wit : " We, the jury, find the prisoner guilty, as charged in the indictment, and sentence him to imprisonment in the penitentiary."

Before he was sentenced by the court, the prisoner, by his counsel, moved to arrest the judgment, for the following reasons :

1st. " Because the verdict, rendered in the case by the jury, is contrary to law, and does not declare what the punishment shall be."

2d. " Because the court can not pass sentence upon the verdict rendered in the case, the court having no power or discretion to fix the length of time of imprisonment, and the jury having failed to fix the same, it being their province so to do."

The court overruled the motion, and sentenced the prisoner to hard labor in the penitentiary for the term of his natural life. The prisoner excepted to the ruling and sentence of the court; the judgment of the court was suspended, and the case is here for revision.

The prisoner is unrepresented in this court, and, consequently, no errors are assigned. By section 4314 of the Revised Code, no assignment of errors is necessary, but the court is required, without any assignment of errors, to render such judgment on the record as the law demands.

Section 3661 of the Code provides, that " any person who. is guilty of the crime of rape, must, on conviction, be punished, at the discretion of the jury, either with death, or by imprisonment in the penitentiary for life, or by hard labor for the county for life."

The entire punishment for this crime, is in the discretion of the jury, and the court has nothing to do in the matter, but to' pronounce the sentence of the jury.

The attorney-general argues that the law determines the duration of the punishment, where it is either in the penitentiary, or hard labor in the county. This is true, but,

notwithstanding, it must be found by the jury, and not fixed by the court.

Who can tell, but if the jury had been instructed, that imprisonment in the penitentiary must be for life, they might not have determined to inflict the milder punishment, to-wit, hard labor for the county for life? But why speculate about this matter? The wiser and safer course is, to do just what the law requires, and to do it in the way the law requires. We have determined at this term, in the case of *Edgar v. The State*, a case very like this; that the jury must, by their verdict, determine both the character and the extent of the punishment.

Let the judgment of the court below be reversed, and the cause be remanded for a new trial, and the prisoner be retained in custody until discharged by due course of law.