RACHEL WILLIAMS *vs.* THE STATE.

[INDICTMENT FOR MURDER.]

1. *Bill of exceptions; part of record in criminal case.*—In this State, a bill of exceptions taken and signed in a criminal prosecution, as required by law, is a part of the record.

2. *Same; appeal in criminal case, duty of court as to.*—On appeal to the supreme court from the judgment in such a prosecution, no assignment of errors or joinder in error is required ; but the court examines the whole record, and gives judgment upon the whole record, as the law demands. If the errors apparent on the record are injurious to the accused, the cause will be reversed.

3. *Charge to jury; what erroneous.*—Where the presiding judge in the court below enumerates a portion of the witnesses for the State, and charges the jury upon this testimony of the witnesses thus enumerated, "if you believe the balance of *this* testimony for the State, (leaving out the testimony of Susan Williams, who had been impeached,) then the defendant is guilty of murder in the first degree." Such a charge is erroneous, if there is any testimony for the accused and the testimony is at all conflicting.

4. *Charges asked in writing ; must be given or refused as asked.*—The accused in a criminal case is entitled to have the charges moved for by him in writing given in the very terms of the written charges, if such charges are not abstract and are proper enunciations of the law applicable to the case. It is error to refuse such charges, though charges similar in principle have already been given. The rule of error without injury does not apply in such a case. The right is absolute, and must be enforced.

5. *Alibi; charge as to, what erroneous.*—A charge that "the law regards evidence to prove an *alibi* among the weakest and most unsatisfactory of all kinds of evidence," is illegal. An *alibi* is a fact, and its existence in a criminal case is established by like weight of evidence that may be required as to any other fact.

6. *Court and jury; province of as to evidence.*—The court judges what evi-

Rachel Williams v. The State.

dence has been delivered to the jury, but the jury are the judges of its weight, and its weight upon their own minds.

7. *Jury; duty of, as to weighing and rejecting testimony of witness.*—The jury can not capriciously reject the testimony of a witness that has been delivered to them on the trial; but they may reject the evidence of a witness who has been successfully impeached. But even in this they must be governed by reason. Reason is the soul of the law.—Coke Litt. 232; 28 Ala. 71.

APPEAL from the Circuit Court of Butler.
Tried before Hon. P. O. HARPER.

THE appellant, Rachel Williams, was indicted for the murder of Jack Jones, tried, found guilty of murder in the first degree and sentenced to imprisonment in the peniten-·tiary for life.

The record is voluminous, setting out at length the testimony of some twenty-five witnesses, besides a lengthy written charge of the court. It would serve no useful purpose to attempt to give even an abstract of this testimony, or of the charge of the court; the errors mainly discussed being based upon portions of the written charge, which, together with the evidence upon which it was based, are fully set forth in the opinion, and upon the refusal to give certain written charges which will be found below.

The bill of exceptions recites: "When the court had finished reading to the jury its written charge, the defendant excepted to the charge as follows: To the charge as a whole, and to each sentence and paragraph thereof separately. Defendant's counsel stated to the court in this connection, and before the jury had retired, that it would consume time to examine the charge minutely and specify the particular parts thereof to which separate exceptions were taken; that portions of the charge might be unobjectionable; and that if it should become necessary defendant would thereafter specify the particular portions, or each portion separately of the charge, to which a separate exception was taken. The court assented to this proposition, and defendant's counsel did not then specify each portion separately of the charge to which a separate exception was taken; and it was under the understanding aforesaid that the foregoing sep-

arate exceptions to the charge are stated." Here follow specific objections setting forth the particular parts objected to.

The defendant requested the court to give the following written charges, each of which· the court refused to give; to each of which refusals the defendant duly excepted. It may be proper to add, however, that the subject-matter of these charges had been enunciated in the general charge:

"1st. That the jury are to determine for themselves what evidence has been introduced in the cause, and what the evidence proves; and that they are not to take the statement of the court in its charge as to the evidence as being what the evidence is in the cause, as contended for by the State; but are to determine for themselves what the evidence is.·

"2d. That it is for the jury exclusively to determine whether they will believe any witness who has been examined in the cause or not; and this, whether the witness be black or white.

"3d. That the law considers it better that ninety and nine, or any number of guilty persons should escape, than that one innocent person should be convicted.

"This charge the court refused to give, saying it was good law, but not proper to be given to the jury; to which refusal the defendant excepted.

"4th. That unless the evidence against the prisoner, Rachel Williams, should be such as to exclude, to a moral certainty, every supposition but that of her guilt of the offense imputed to her, the jury must find her not guilty.

"5th. That the jury must find the defendant not guilty, unless the evidence against her is such as to exclude, to a moral certainty, every supposition but that of her guilt."

JOHN GAMBLE, and THOS. J. JUDGE, for appellant.
HERBERT & BUELL, contra.

PETERS, J.—This is a criminal prosecution by indictment against Rachel Williams, the appellant, upon a charge of murder. The accused was found guilty of murder in

the first degree on the trial in the court below, and sentenced to confinement in the penitentiary for life. From this sentence she appeals to this court.

The questions chiefly argued at the bar here arise upon the bill of exceptions to the charge of the court on the trial in the court below, and to the refusal of the charges asked by the accused.

In all criminal prosecutions, in this State, the constitution secures to the accused "a speedy public trial by an impartial jury of the county or district in which the offense was committed."—Const. Ala. 1867, art. 1, § 8.   The judges of the courts are sworn to support and defend this right, as a part of the constitution of the State.—Const. 1867, art. 15, § 1.   This oath is best kept by a strict enforcement of the law governing the procedure in criminal prosecutions.   This law requires that the accused shall be tried by a jury who are sworn a true verdict to render "according to the evidence."—Rev. Code, § 4092.   This verdict, then, must rest upon the whole evidence deposed upon the trial, and not on a part of it only.—*Ogletree v. The State*, 28 Ala. 693.   The rule upon the discharge of this duty has been laid down by this court.   It is this: "In civil cases, where there is conflicting testimony as to the existence of any fact necessary to be established by either party, the jury are under the necessity of weighing the evidence, and deciding in favor of the party on whose side the evidence preponderates.   But in criminal cases, the humanity of our law requires that the guilt of the accused should be proved. It is not sufficient that the weight of evidence points to his guilt.   The jury must be satisfied beyond a reasonable doubt of his guilt, or he must be acquitted."—*The State v. Marler*, 2 Ala. 43, 47.   This can only be done when all the evidence delivered in the cause is considered by the jury, and allowed to have its due weight.   Therefore, a charge of the court which has the effect to withdraw a portion of the evidence from the jury, or ignore it, and instructs them to base their verdict on the "balance of this testimony," is erroneous; because it violates the above rule of law.   In this case, including the record offered by the State, there

were about twenty-five witnesses examined on both sides; fifteen by the prosecution and ten by the accused. The learned judge, in his charge on the trial, enumerates eight of these witnesses for the State, and calls attention to their testimony, leaving out all mention of the evidence for the accused, which, if it should be credited, proved quite a different state of facts. Then he charges the jury: "If you believe the evidence of *this* testimony for the State, (leaving out the testimony of Susan Williams,) then the defendant is guilty of murder in the first degree." "This testimony" means that of the eight witnesses enumerated by the court, omitting entirely the ten witnesses examined for the accused, six of whom had testified that the persons supposed to have done the actual killing, and with whom Mrs. Williams, the accused, was supposed to have confederated, were six miles away from the scene of the killing on the night of its perpetration. And it was through the agency of these persons that Mrs. Williams was connected with the criminal act. The evidence of these ten witnesses for the accused may have been very slight, yet it was error so to charge as to withdraw it from the jury.—*Upson v. Raiford*, 29 Ala. 188; *Allman v. Gann*, 29 Ala. 240; *Cain v. Penix*, 29 Ala. 370.

The theory of the prosecution is, that Mrs. Williams, the accused, procured Lewis Ashford and Solomon Murphy to take the life of Jack Jones. The proof shows that Jones was shot and killed in the fall of the year 1869. There was conflict in the testimony, whether Ashford and Murphy, or either of them, were at the house of Jones where he was killed on the night of the killing, or whether they were not six miles away in another place when Jones was shot and killed. On such a state of the evidence, it is error for the court to charge the jury, "if they believe *all this* testimony for the State, the defendant is guilty of murder in the first degree. There can be no ground for a reasonable doubt, if *this* tesmony is true." This charge, besides ignoring all the conflicting evidence in favor of the defendant, is a charge upon the effect of the evidence, which is not permitted where there is any conflict in the testimony.—

*Walker, Adm'r, v. Walker's Adm'r*, 41 Ala. 353; *Hall v. Morris*, 41 Ala. 510; Rev. Code, § 2678. This charge was therefore erroneous.—*Nelson v. Stanley*, 28 Ala. 514; *Edgar v. The State*, 43 Ala. 312; *Dill v. The State*, 25 Ala. 15.

The court also charged the jury that "the law regards evidence to prove an *alibi* among the weakest and most unsatisfactory of all kind of evidence." In this case, an *alibi* of two of the persons supposed to have perpetrated the murder was a question of material importance as to the guilt or innocence of the accused. Such a charge was incorrect. It was calculated to mislead the jury. An *alibi* is a fact, and its existence is established just as any other fact may be, and the testimony to support it needs the same weight of evidence; no more, and no less.

It was ingeniously contended by the learned counsel for the State, that the exceptions to the written charge can none of them be considered here, because no specific objections were made at the time of the trial. And he rests this position upon what he conceives to be the practice of the supreme court of the United States.—See *Lincoln v. Claflin*, 7 Wall. 139; also, *Graham v. Crystal*, 2 Keys, 21; 37 How. Pr. R. 279.

In this State, since the adoption of the Code, the practice has been governed by the law as found in that compilation. The Code prescribes that "any question in law arising in any of the proceedings in a criminal case, tried in the circuit or city court, may be reserved by the defendant, but not by the State, for the consideration of the supreme court; and if the question does not distinctly appear on the record, it must be reserved by bill of exceptions duly taken and signed by the presiding judge as in civil cases." Rev. Code, §§ 4302, 2754, 2755. When the bill of exceptions is so taken and signed as required and allowed by the statute, it becomes a part of the record in the case in which it is taken. Such bill of exceptions "must state the point, charge, opinion, or decision wherein the court is supposed to err, with such a statement of the facts as is necessary to make it intelligible."—Rev. Code, § 2755. When the case comes to this court upon appeal, "no assignment of errors

nor joinder in error is necessary; but the court must render such judgment on the record as the law demands."—Revised Code, § 4314. The court here looks to the whole record as it comes up to the court, and if that shows an error in any part of it injurious to the accused, there should be a reversal. The record must show that the court, in the trial below, has proceeded as the law demands. If the whole charge is wrong, or if any part of it is wrong, it is error. The law intends that no innocent person shall be convicted. This result is supposed to be secured by proceeding according to the process of law; that is, by an enforcement of the law in a lawful way.— *Weatherford v. The State*, 43 Ala. 319, 322. The whole record should show that this has been done.—Const. Ala. 1867, art. 1, §§ 8, 9, and 10. It is not to be presumed, in a criminal case, that any part of the record of the proceedings have been omitted by the consent of the accused. Then, what the record does not show, has not been done. And what it shows has been done illegally, should be corrected. The rule relied upon as governing the practice of the United States supreme court has never been adopted in this State, at least since the enactment of the Code.

But besides this, the objections to the charge of the court below are sufficiently intelligible. This appears from the record itself. The learned counsel for the State is mistaken in supposing that this does not appear from the record.

Besides the foregoing objections to the charge given by the court, there were five charges in writing moved for by the accused, which were refused by the court below, and exceptions taken.

It is the right of a party to a suit to have such charges as he may ask in writing "given or refused in the terms in which they are written." If such charges are correct expositions of the law, and not abstract, they must be given as the statute requires. And it is not a sufficient ground to refuse such charges, that the same legal propositions embraced in them have been substantially enunciated in other

43

charges already given by the court. It is the right of a party to have the law charged in his own language, if the legal principle it contains is correct. The rule of error without injury does not apply in such a case. It is error to refuse such charges, if correct.—*Polly v. McCall*, 37 Ala. 20, 31, 32; Revised Code, § 2756; *Edgar v. The State*, 43 Ala. 45.

The first charge asked and refused was erroneous. It was too broad. The jury are the sole judges of what the evidence proves, because they alone judge the weight of the evidence and its effect upon their minds; but they are not the sole judges of what evidence has been introduced. This is the province of the court. There was no error in refusing this charge.

The second charge was also wrong. The jury can not capriciously refuse to believe a witness who is not impeached or contradicted. But where there is conflict, they may believe which they please. Yet, even in this, they should be governed by reason. *Reason is the soul of the law.*—Coke Litt. 97, 183, 232; 7 Coke, 7. The third, fourth and fifth charges should have been given. They announce admitted legal propositions, which are applicable to the evidence in this case.—*The State v. Newman & Lever*, 7 Ala. 69, 70; *The State v. Murphy*, 6 Ala. 845, 852.

The judgment of the court below is reversed, and the cause is remanded for a new trial. The appellant, the said Rachel Williams, will be held in custody until discharged by due course of law.

[NOTE BY REPORTER.—The opinion in this case was delivered at the June term, 1871, but did not come into the Reporter's hands in time to be reported earlier.]