## Akers et ux. v. Kreager

John R. Jackson, for plaintiffs.

John P. Sipes and John W. Mentzer, for defendant.

SHEELY, P. J., June 2, 1941.—On January 31, 1941, plaintiffs entered a rule for a commission to take the testimony of Mrs. Carrie Kauf Donohay, a resident of Butler, Ohio, to be read upon the trial of the above action of ejectment. With the rule plaintiffs filed 20 interrogatories to be answered by the witness. The interrogatories remained on file for more than 15 days; the commission was issued on February 17, 1941, and returned on March 14, 1941. Defendant filed no cross-interrogatories, but on March 17, 1941, he filed exceptions to the sixth, ninth to fifteenth, inclusive, and seventeenth to nineteenth, inclusive, interrogatories, objecting mainly that the interrogatories mentioned were leading. The matter is before the court upon those exceptions.

We have no difficulty in concluding that the interrogatories complained of were leading. The question presented, however, is whether defendant is entitled to have these interrogatories suppressed at this stage of the proceedings, or whether his failure to object to the interrogatories before the commission was issued amounted to a waiver of his objection.

The question of when objections should be made to leading questions was first raised in relation to depositions taken under a rule, and it was held that a leading question must be objected to at the time it is put, and that it is too late to object at the trial, when the opposite party was present at the taking of the depositions and engaged in cross-examination: Sheeler v. Speer, 3 Binn. 130 (1810). Later it was held that if a party refused to attend the taking of depositions he could not object at the time of trial to a leading question contained in the depositions: McKim et al. v. Somers, 1 P. & W. 297, 305 (1830).

The question of when objections should be made to leading questions propounded as interrogatories on a commission was raised in the case of Overton v. Tracey, 14 S. & R. 311, 324 (1826). It was there held that where the party objecting joined in the commission and filed cross-interrogatories on the same questions which he complained of as leading, without then objecting to the form of the question, he could not make his objection at the trial. Later, in Hill et al. v. Canfield et al., 63 Pa. 77, 78 (1869), an answer to an interrogatory was objected to at the trial on the ground that the interrogatory was leading. The Supreme Court stated (p. 84):

"The court overruled the objection, holding that an objection to the character of the interrogatory should have been made by the defendants before the commission issued. This was a good reason for the ruling, especially as the defendants joined in the commission by filing cross-interrogatories. This has been often held; but I need only cite Overton v. Tracey, 14 S. & R. 311, which is at hand, as sufficient authority on the point."

It will be noted that in Hill et al. v. Canfield et al., supra, the court cited Overton v. Tracey, supra, as authority for its ruling that an objection to the form of the interrogatory should have been made before the commission was issued, whereas the exact point decided in Overton v. Tracey was that a party who joined in the commission and filed cross-interrogatories could not object at the

trial to the reading of leading interrogatories. The reasoning in both cases, however, as well as in the cases above cited relating to leading questions on depositions, supports the rule that an objection to a leading question must be made when the question is put, or at the earliest possible moment. In Overton v. Tracey (p. 324), the court said that the filing of cross-interrogatories on the same questions, without making objection "is as much a waiver, as permitting the question to be answered without objection. It is something more than a treacherous silence, which would be acquiescence. It is a positive waiver. I must confess, I am not disposed to lend a ready ear to objections kept in reserve, until it is too late for a party to remove them. It is a snare into which his opponent has led him, and ought not to avail him." In McKim et al. v. Somers, supra, the court pointed out that depositions are frequently taken by the parties themselves and are generally inartificially drawn. It then said (p. 305) : "If we were to listen to captious objections, it would impair the utility of such proof, particularly in case of death."

Where interrogatories are filed together with a rule for a commission, and the opposite party has 15 days in which to examine them, he should not, on the return of the commission, be permitted to raise objections to the form of the interrogatories. If such objections were raised preliminarily, the form of the question could readily be changed, and the parties saved the expense of executing a commission. The justice of this requirement is apparent when we consider the situation which would arise upon the death of the witness before a new commission could be issued. But, if objections to the form of the questions were made, and the party propounding such questions persisted, a different situation would present itself.

Defendant insists that he has followed the proper procedure by filing the exceptions upon the return of the commission under the authority of rule 88 of this court. That rule provides:

"If either party intends to object to the reading of any deposition on the trial he shall, within five days of the

time he has received notice of its being filed, apprise the opposing attorney of his objections, by serving on him a specification thereof in writing." Rule 89 provides:

"No objections to the reading of a deposition will be heard at the trial, except such as are distinctly specified in the notice required by Rule 88. Provided, however, that a deposition may still be objected to on the ground that the witness was incompetent or the evidence itself inadmissible, without any previous notice."

A similar contention was made in Hill et al. v. Canfield et al., supra, where appellant argued that the 73rd rule of the court of common pleas required exceptions to a deposition to be filed after the return of the commission, and that it was not required to make objections when the interrogatories were filed. This contention was answered with the statement: "The 73rd rule of court is not applicable to the point—that refers to objections to depositions taken, and perhaps to the execution of commissions."

It is our opinion that the objections referred to in rule 88 of our court are objections going to the validity of the depositions and to the manner in which they were taken, and perhaps also to the form of the answers to the interrogatories: questions which could not be raised until the return of the commission. Questions as to the competency of the witness or the admissibility of the evidence contained in the deposition are properly to be made when the deposition is offered at the trial, because these questions cannot be determined prior to that time. But the filing of interrogatories is equivalent to the putting of the question to the witness, and unless objection is made at that time to the form of the question the objection is waived.

We have examined the rules of court of several counties, all of which have rules similar to our rule 88. These rules tend to support the conclusion reached in this case: See Rules of Philadelphia County (1926), no. 108; Rules of Lancaster County (1912), rule XII, sec. 2; Rules of Court of Bucks County (1873), p. 36; Rules of Court of Cumberland County (1927), no. 141.

Our conclusion is also supported by textbook writers: 4 Standard Pennsylvania Practice, p. 570; Patton's Pennsylvania Common Pleas Practice (2nd ed.) 471; Henry's Pennsylvania Trial Evidence (3rd ed.) §144.

It follows that defendant by failing to object to the form of the interrogatories before the commission issued has waived the objection raised in the exceptions, and the exceptions must be dismissed.

And now, June 2, 1941, the exceptions filed to the interrogatories of plaintiffs are overruled and an exception to this ruling is noted for defendant.