# Gooden *v.* The State.

### *Indictment for Forgery.*

1. *Forgery; what writings are within the statute; variance as to name of supposed maker.*—A writing in these words, "July 10th, 1876. Due Bell Sims twenty dollars, at first of August, 1876," signed " *Mr. Daniel Threet,*" if forged or uttered, with intent to deceive, in the neighborhood in which one *Daniel Thweatt* lives, will support an indictment for forgery ; and on a trial for the forgery of such an instrument, said *Daniel Thweatt* may testify that many of his acquaintances pronounced his name as if it were spelled *Threet.*

2. *Same; constituents of offense.*—To authorize a conviction for forgery (Rev. Code, §§.3635-6), it is not necessary that the prisoner should have written the instrument ; if, with intent to publish and utter it, he procured another person to write it, and afterwards uttered and published it as genuine, he may be convicted.

3. *Same; intent.*—The intent to deceive and defraud being a material ingredient of the offense, a charge is erroneous which withdraws from the jury all consideration of the question of intent.

4. *Charge ignoring venue.*—A charge to the jury in a criminal case, which ignores the proof of venue, or withdraws it from the consideration of the jury, is erroneous.

Appeal from the Circuit Court of Talladega.

Tried before the Hon. John Henderson.

The prisoner in this case was indicted for the forgery of an instrument of writing, which was in these words : " July 10th, 1876. Due Bell Sims twenty dollars, at first of August, 1876," signed, " *Mr. Daniel Threet.*" The indictment contained two counts ; the first alleging that the defendant " forged a promissory note, in words and substance as follows," setting out the writing ; and the second, that he " forged a due bill, or instrument of writing, being, or purporting to be the act of another, in words and substance as follows," &c. There was no objection to the indictment, and the trial was had on the plea of not guilty. On the trial, as the bill of exceptions states, the State offered on *J. W. May* as a witness, who was a clerk in the store of Myers & Co., in the town of Talladega, and who testified that, in July, 1876, the

defendant came into the said store, and offered to sell the writing above copied, which the witness identified, for ten dollars worth of goods; "saying that his name was John Smith, and that he lived near Oxford, Alabama, and had been working for Mr. Threet, about seven miles from Talladega, and that Mr. Threet had given him this paper on a settlement between them." The witness said, that he was satisfied the paper was a forgery, and, without telling the defendant his suspicions, he carried it into the adjoining store of R. A. McMillan, who pronounced it a forgery; that he left the paper with McMillan, and then carried the defendant into his store, telling him that McMillan would give him the money on it; and that McMillan said to the defendant, on his entrance, "This is a forgery, Dan. Thweatt never wrote it." *McMillan* was introduced as a witness for the State, and testified to the same facts as having occurred at said interview; and further, that the defendant " set up no claim to the note, except saying, on leaving the store, that he would have his note before he left town, but he never came back for it." The witness May testified, also, "that he did not know whether any persons named Bell Sims and Daniel Threet lived in said county, nor whether Daniel Threet wrote the said paper, nor whether the defendant wrote it;" and said McMillan also testified to the same effect. The State then introduced *Daniel H. Thweatt* as a witness, who testified, in substance, that he lived seven or eight miles from the town of Talladega; that the defendant had worked for him during the spring of 1876; that, on a settlement between them, he paid the defendant some money, and gave him an order on Myers & Co. in Talladega for the balance; also, that he did not write the paper above set out, and did not know who wrote it; that he always signed his name *D. H. Thweatt;* and that he did not "know any such person as *Daniel Threet* around here, though there may be such a person." The State's counsel then asked the witness, "Do not a great many people pronounce your name as if it were spelled *Threet,* instead of *Thweatt?*" The witness answered, "More people pronounce it that way than any other." To this question and answer, each, the prisoner objected, on the ground that it was illegal; and he reserved exceptions to the overruling of his objections. The State then offered the paper in evidence, and the defendant objected to its admission, " because it is illegal evidence; because it is not such a paper, promissory note, bond, bill single, or order for money, for the forgery or false making of which the law prescribes a penalty; and because there is no evidence that Daniel Threet, whose name is signed to it, did not write it." The court overruled

[Gooden v. The State.]

these objections, and admitted the paper; to which the defendant excepted. Several witnesses were introduced on the part of the defense, who had known the defendant intimately for a long time, and who testified that he could neither read nor write. "This being all the evidence in the case, the court thereupon charged the jury, among other things, 'that if the defendant either wrote the paper offered in evidence, or procured some other person to write it, not the person purporting to be the maker, and offered to sell it, he would be guilty of. forgery in the second degree.' To this portion of the charge the defendant excepted, and asked the court to give the following written charge : 'Unless the jury believe from the evidence, beyond all reasonable doubt, that the defendant wrote the instrument alleged to have been forged, they must return a verdict of not guilty.' The court refused to give this charge, and the defendant excepted to its refusal."

GEO. W. PARSONS, for the prisoner.

JNO. W. A. SANFORD, Attorney-General, for the State.

BRICKELL, C. J.—The intent to deceive and defraud, and the capacity of the false instrument to consummate this intent, are the material ingredients of the offense of forgery. An instrument bearing the name, as maker, by which a person is known and called, uttered in the vicinity of his residence, has the capacity of deceiving and defrauding those who recognize him by that name. There was no error in receiving the evidence that the witness *Thweatt* was known and called by the name of *Threet*, which was signed to the false instrument. The writing offered in evidence corresponded, in all essential respects, with that described in the first count of the indictment, and the objection to its introduction was properly overruled.

2. The charge requested was properly refused. The offense was complete, though the defendant did not write the instrument, if he procured another to write it, with the intent to publish and utter it, and did subsequently publish and utter it as genuine.—3 Green. Ev. § 104.

3-4. The charge given by the court cannot be supported. It withdraws from the jury all consideration of the intent to defraud—a matter of inference from the facts before them, which it was their province to draw or reject.—3 Green. Ev. § 103. It also excludes from their inquiry and determination the place of the commission of the offense, whether it was committed in Talladega county, or elsewhere. The fact

would probably have been inferred by the jury from the evidence; but the court could not exclude it from their inquiry, or assume it as proved.—*Commonwealth v. Parmenter*, 5 Pick. 279. It is well settled, by the decisions of this court, that a charge in a criminal case, which ignores a material fact, as a constituent of the prisoner's guilt, or asserts that certain facts, not sufficient to make a *prima facie* case, will authorize a conviction, is erroneous, compelling a reversal, though it appears other instructions were given.—*Corbett v. State*, 31 Ala. 329.

For this error, the judgment must be reversed, and the cause remanded. The prisoner will remain in custody, until discharged by due course of law.