# Elmore *v.* The State.

*Indictment for Forgery.*

1. *Constituents of forgery.*—Under an indictment which charges that the defendant, with intent to injure or defraud, "did falsely make, alter, forge or counterfeit" a certain written instrument (Code, § 3852), a conviction may be had on proof that he procured another person to write it, and himself uttered it as genuine.

2. *Charge as to reasonable doubt, or sufficiency of evidence.*—A charge which instructs the jury that, "if on the whole evidence the minds of the jury are left in a state of doubt and uncertainty, so that they can

[Elmore v. The State.]

not reasonably say the defendant is guilty, they should acquit him," asserts a correct proposition, and its refusal is error.

FROM the Circuit Court of Bullock.
Tried before the Hon. JESSE M. CARMICHAEL.

WATTS & SON, for appellant, cited *State v. Murphy*, 6 Ala. 845; *State v. Newman*, 7 Ala. 69; *Winter v. Scisson*, 20 Ala. 39; *Mose v. State*, 36 Ala. 211; *Joe v. State*, 38 Ala. 422; *Turberville v. State*, 40 Ala. 715; *Buchannan v. State*, 55 Ala. 154; *McAdory v. State*, 62 Ala. 154.

WM. L. MARTIN, Attorney-General, for the State, cited *Lundy v. State*, 91 Ala. 100; *Whatley v. State*, 91 Ala. 108; *L. & N. R. R. Cc. v. Hall*, 87 Ala. 708; *McKleroy v. State*, 77 Ala. 95; *Gooden v. State*, 55 Ala. 176.

McCLELLAN, J—The indictment charges·that "Nep Elmore, with intent to injure or defraud, did falsely make, alter, forge or counterfeit" an instrument in writing, which is set out. There was evidence from which the jury might have reached the conclusion that, while defendant did not himself write the instrument, he did procure another to write it, and uttered it as genuine. This would have supported the indictment, and the first charge requested for the defendant, to the effect that the jury should acquit the defendant, unless they believed beyond a reasonable doubt that he *wrote* the paper, was well refused.—3 Greenl. Ev. § 104; *Gooden v. State*, 55 Ala. 178.

2. The second charge asked by the defendant should, in our opinion, have been given. It·is as follows: "That the jury should carefully examine the whole of the testimony, and that if, upon the whole evidence, the minds of the jury are left in a state of doubt and uncertainty, so that they can not reasonably say that the defendant is guilty, they should acquit him." We do not think this charge was confusing or misleading in its tendencies. We can not see how it can be understood otherwise than as asserting that, if the minds of the jury are left in a state of *such* doubt and uncertainty as that they can not reasonably say the defendant is guilty, they should acquit him—the state of doubt and uncertainty being qualified by what follows in the sentence, so as to make it that condition of mind which would prevent the jury from reasonably reaching the conclusion of guilt. It is the same, indeed, as if the proposition had been declared, without reference to doubt and uncertainty, in this form: "If, upon a considera-

[Tanner v. The State.]

tion of the whole evidence, the minds of the jury are left in such state as they can not reasonably reach the conclusion that the defendant is guilty, they should acquit him." If the charge has a fault, it lies in its being too favorable to the State. The law is, that not only must the jury have justifying reasons for a conclusion of guilt—not only must they·be able to say upon reason that the defendant is guilty—but their conclusion to this effect must be so reasonable to their minds as to exclude all reasonable doubts of its correctness. Certain it is that they ought not to convict without a reasonable belief of guilt, and even such reasonable belief might not be sufficiently strong to exclude a reasonable doubt to the contrary.—*State v. Murphy*, 6 Ala. 845; *State v. Newman*, 7 Ala. 69; *Winter v. State*, 20 Ala. 39; *McAdory·v. State*, 62 Ala. 154.

For the error committed in refusing the 2d charge, the judgment is reversed, and the cause remanded.

Reversed and remanded.