JOHN R. PEEL v. THE STATE.

*No. 907. Decided December 20th, 1895.*

**Forgery—What Constitutes.**

On a trial for forgery, where it appeared that two parties, the one living in H. County, the other in M. County, had identically the same name, to-wit: T. J. P., and the defendant, who was desirous of giving an appeal bond in a civil case, which would be approved by the District Clerk of T. County, was present, and with fraudulent intent, procured T. J. P., of H. County, to sign the name of T. J. P., of M. County, as a surety to said bond, and thereafter induced the said clerk of T. County to receive and approve the same, because the name of T. J. P., of M. County, who was certified to be solvent, was upon it. Held: That defendant was guilty of forgery as a principal, and it mattered not whether T. J. P., of H. County, was guilty of forgery or not.

APPEAL from the District Court of Travis County. Tried below before Hon. F. G. MORRIS.

This appeal is from a conviction for forgery, the punishment assessed being two years' imprisonment in the penitentiary.

The following concise statement of the case is taken from the brief of counsel for appellant:

Jno. R. Peel was an attorney in a case, and his client was cast. Notice of appeal was given, and this case grew out of an appeal bond.

There was a man by the name of Thos. J. Peel, resident of the County of Montgomery, and another in the County of Hays.

He, Jno. R. Peel, and another signed the bond as sureties, and Thos. J. Peel, of Montgomery, was desired as a third surety. In the economy of time, Jno. R. Peel, before seeing the said Montgomery Thos. J., procured a certificate from the Clerk of the District Court of Montgomery County, to the effect that the said bond, with the said Thos. J. thereon, would be a good bond, and if submitted to him he would approve the same for the purpose it was to subserve.

When the said Thos. J., of Montgomery, was approached for his signature, he declined to sign.

Thereupon Jno. R. Peel went to San Marcos, and requested the Thos. J. there to sign the bond. Whether he signed it in his own name, or signed the name of Thos. J., of Montgomery, is matter of controversy and debate, the testimony being contradictory, Jno. R. Peel insisting and swearimg that said Thos. J. signed for himself, and not the name of Thos. J., of Montgomery; while the said Thos. J. swears he did not sign his own name, but at the request of Jno. R. signed that of Thos. J., of Montgomery, going so far as to say, that when he so signed the bond he knew he was committing forgery.

The signature of Thos. J. Peel was made in Hays County; the bond, after being so signed, was uttered in Travis County, to the clerk of the District Court. The indictment was found in said county, and there prosecuted.

*Walton & Hill*, for appellant.—The questions involved are purely of law as applied to the facts.

There is no question as to Thos. J. Peel, of Hays, the principal witness, being implicated in the main act, viz: the execution of the false instrument. He is the one who executed it, and if the signature of Thos. J. Peel, of Montgomery, was signed by Thos. J. Peel, of Hays, without authority (and there is no pretense that there was any such authority), and it was done by him at the instance and request of Jno. R. Peel, then the law presumes an intent to injure, and that intent rests on the one as well as the other, and the guilt of the one was no greater than the other.

Thos. J. Peel, of Hays, is a full grown man, and at the time of the act was the clerk of the District Court of the county where he lived. It can not be claimed that he was over-persuaded, or that his intelligence and will were put in duress, or that he did not know, or should not have known, the legal effect of the act he was performing.

If, on the other hand, he signed his own name, and not that of Thos. J. Peel, of Montgomery, and Jno. R. Peel, knowing that fact, used the instrument so signed as containing the name of the first Thos. J., that act would be a fraud, and not a forgery. A true and genuine instrument cannot be a forgery, though it may, under some contingencies, be used to accomplish fraudulent purposes. This proposition would seem to meet and harmonize with the comprehension of the great common mind.

But we pass to the real question in the case, which sprang

from what the charge of the court contains, and what it does not not contain—assertions and omissions, which are fundamental in character, and in practice need not to be excepted to, to make them available to the sufferer in the court of review.

The court charged the jury as follows: "5. A conviction can not be had on the testimony of an accomplice or principal, unless corroborated by other evidence tending to connect the defendant with the offense, if any was committed. The uncontradicted testimony in this case shows all the facts necessary to make the witness, Thos. J. Peel, of Hays County, a principal in the commission of the offense charged in the indictment, if any offense was committed, if he intended to injure or defraud by his acts, and it is for you to determine from all the testimony before you, whether or not he intended to injure or defraud by signing the name of T. J. Peel to said appeal bond. If you believe from the evidence that said Thos. J. Peel, of Hays County, was a principal in the commission of the offense charged, if such offense was committed, you can not convict upon his testimony, unless it has been corroborated by other testimony tending to connect the defendant with the offense charged."

In our view, this charge is error, fundamental in character, not the law on the facts, and calculated to do defendant fatal harm.

The error is:

1. In submitting to the jury as a fact to be found by them as to whether T. J. Peel, of Hays County, was an accomplice or principal in the offense charged, when the law fixed that character on him by his own testimony.

2. In submitting to the jury the question as to what was the intent of said Peel in signing said bond, viz: as to whether or not it was his intention to defraud or injure by the act of signing, the law fixed on him the intent to injure or defraud when he signed.

3. As to the intention of said Peel to injure or defraud, the only testimony before the court and jury was his own. The law presumed guilty intention; he swore there was none, and there was no corroboration whatever of his oath; and yet under the charge the jury was allowed to consider his unsupported oath, find him guiltless, and convict defendant, as if he were a credible witness, whose sole testimony would be sufficient to uphold a conviction for a felony.

4. The charge should have been based and framed on the fixed legal presumption that said Peel was an accomplice or principal.

5. The court, in effect, made the condition or relation of said witness as an accomplice or principal to the crime committed depend alone on the testimony of said witness; that is to say, the complicity and culpability of the witness in the crime charged is made to depend on his mere *ipse dixit* as to what his intention was in the commission of the act of signing, etc., committed by him. True, the court says, "It is for you to determine from all the testimony before you whether or not he (Peel, Thos. J.) intended to injure or defraud by signing," etc., but

on that subject matter there was no testimony save his own, and the jury could not believe by hearing that unless he was corroborated.

6. The charge was further erroneous, in that it made the criminal culpability of the witness depend on his complicity in the crime charged, instead of in the crime committed.

The fourth subdivision of the charge was error, and very hurtful in character, because it permitted the jury to conclude that the clouded witness could be innocent in his act, when the defendant could be guilty for using the instrument executed by the witness. It authorized the jury, on the word of the witness, to clear the cloud away, and accept the witness as both truthful and honest.

It is true that no exception was taken to the charge of the court, but we claim that the failure of the court to put the law of accomplice correctly before the jury is fundamental error, which this court will always consider whenever called to its attention. It may be difficult to give an exactly comprehensive definition of what constitutes fundamental error; but were we formulating one, we should define it thus: Where the court is by law required to charge on an issue or subject matter, whether requested so to do or not, the failure to charge—to correctly charge—in such contingency will constitute fundamental error.

It is the law in this State, that when there if evidence tending to show that a State's witness is an accomplice, and the testimony of such witness is materially prejudicial to the defendant, it is incumbent on the court, whether asked or not, to give in charge to the jury *proper* instructions relating to accomplice testimony. Winn's case, 15 Tex. Crim. App., 169; Sitterlee's case, 13 Tex. Crim. App., 587; Howell's case, 16 Tex. Crim. App., 93; Coffelt's case, 19 Tex. Crim. App., 436; Fuller's case, 19 Tex. Crim. App., 380; Anderson's case, 20 Tex. Crim. App., 312; Stone's case, 22 Tex. Crim. App., 185; Boren's case, 23 Tex. Crim. App., 28.

How was it in the case at bar? The evidence not only tended, but was positive, flat and complete, that the witness was a principal in the crime, if crime there was.

One other view and we shall have done. The evidence was, that the bond was a good one, independent of the name of either of the Thos. J. Peels. True, it was not so certified, but the fact remains that the penalty could have been made out of the two who were rightly on the bond. Such being the case, where does the criminal intent come from, to constitute forgery, in the meaning of the law? Who was to be defrauded, and how? The clerk, by the unauthorized act, may have been deceived; but that, in this transaction, would have been the extent of the wrongdoing.

There are many wrong acts that are not criminal. The act of forgery, in its inception, must be founded in an intention to defraud, to injure; and if not arrested, must operate to defraud, to injure. If the testimony be true (and there is naught to the contrary) that the bond penalty could be, or could have been, forced out of the two securities, exclusive of the

Peels, then there could be no intention to defraud, to injure, and the criminal intent so to do vanishes.

The court will excuse the writer. He feels the intensest interest in this case. The old man is a lawyer, broken in health, and by death been robbed of wife and children. He did a foolish thing—a wrong thing; but a criminal thing, no—the criminal intention was lacking. If an appeal for mercy—mercy in the name of humanity—was allowable in this tribunal, it would be made, with the liveliest hope that the hearts of the court would be reached, and mercy unstrained, like a benediction from heaven, fall on the head of a poor old man.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—This appellant was convicted of forgery, and given two years in the penitentiary. From the judgment and sentence of the lower court he prosecutes this appeal. There are two theories in this case. If either be true, appellant is guilty of forgery as charged. (1) That appellant procured T. J. Peel of San Marcos, Hays County, Tex., to sign the name of T. J. Peel of Montgomery County to an appeal bond in a civil case. (2) That the appellant, with fraudulent intent, procured T. J. Peel of Hays County to sign the bond, and subsequently passed it as the signature of T. J. Peel of Montgomery County. If the testimony of T. J. Peel of Hays County is true, then appellant procured him to sign the name of T. J. Peel of Montgomery County to said bond, and it matters not whether Peel of Hays county was guilty of forgery or not. The appellant was not only guilty, but guilty as a principal; for he was present at the time the signature of T. J. Peel of Montgomery County was signed to the bond by T. J. Peel of Hays County, requesting him to sign the same. If Peel of Hays County signed the bond as a surety thereto, with full knowledge of its contents and purpose, appellant, nevertheless, was guilty of forgery, because the facts in the record show that he intended to pass the bond upon the clerk of the District Court of Travis County, Tex., as having been signed as a surety by T. J. Peel of Montgomery County. The first theory needs no citation of authority. In support of the second we cite the following: Hocker v. State, 34 Tex. Crim. Rep., 359; Com. v. Stevens, 10 Mass., 181; Com. v. Foster, 114 Mass., 317; Barfield v. State, 29 Ga., 127; U. S. v. Turner, 7 Pet., 132; Reg. v. Mitchell, 1 Den. Crown Cas., 282; Reg. v. Blenkinsop, 1 Den. Crown Cas., 276; Rex. v. Webb, Russ. & R., 405. The first theory, namely, that Peel of Hays County was induced by appellant to sign the name of Peel of Montgomery County to the bond, is most cogently supported by the letters and conduct of appellant, and the testimony of other witnesses, separate and apart from the testimony of Peel of Hays County. It is remarkable, indeed, that the certificate to the solvency of Peel of Montgomery County should have been procured by the appellant without intending to use his name upon the bond. We are of the opinion that the testimony of the accomplice—concede him to be such, for the argu-

ment—is most amply supported by the conduct of the appellant and other testimony in the case. In fact, the testimony of the appellant contributes very cogently to the support of the first theory. Conceding, for the argument, that the accomplice was not supported in regard to the first theory, still the second remains amply sustained by the testimony of Mr. Hart, the District Clerk of Travis County, and the other evidence in the case that he (Hart) was induced to receive the bond because the name of T. J. Peel of Montgomery County was signed thereto; in other words, that appellant passed the bond upon the clerk, with the name of T. J. Peel to it, intending that the clerk should understand and believe that that name had reference to the Peel of Montgomery County. Under either state of case appellant would be guilty of forgery. The charge of the court was a correct application of the law to the case. There was no exception to it at the time, and if there had been, we believe it unobjectionable. This case is bristling with chicanery and fraud, and it clearly appears that it was the intention of appellant to commit a fraud. The judgment is affirmed.

*Affirmed.*