# McGee v. The State.

*Prosecution for Fraudulently Exhibiting False Samples of Cotton.*

1. *Exhibiting false samples of cotton ; relevancy of evidence as to manner in which cotton is packed.*—In a prosecution for fraudulently exhibiting a false sample of cotton (Code of 1896, § 4772; Code of 1886, § 3849), evidence that the bale of cotton from which the sample was taken "was mixed packed; being better on one side than on the other," is relevant and admissible.

2. *Criminal law; charge as to sufficiency of evidence.*—In a criminal case, a charge which instructs the jury that "In determining the guilt or innocence of the defendant, the jury must look to the whole of the evidence, and particular parts can not be singled out to the exclusion of the other, and no verdict should be rendered on a part of the evidence only," though inaptly expressed, is intended to instruct the jury to take into consideration all the evidence in the case ; and therefore, the giving of such a charge is not erroneous.

3. *Exhibiting false samples of cotton ; general affirmative charge.*—In a prosecution for exhibiting false samples of cotton, where no objection is raised to the sufficiency of the complaint upon which the defendant was tried, and there was evidence that the bale from which the sample was taken contained different grades, and that the defendant admitted that he knew its condition at the time he exhibited the sample and sold the cotton, the general affirmative charge requested by the defendant is properly refused.

4. *Requisites of charge to the jury.*—A charge to the jury should, if possible, be plain, simple, and easily understood, free from obscurity, involvement, ambiguity or tendency to mislead; and if objectionable on any of these grounds, a charge should be refused, although when closely analyzed it may assert a correct legal proposition.

5. *Same; exhibiting false samples of cotton.*—In a prosecution for exhibiting false samples of cotton, a charge which instructs the jury that "Fraud implies a willful act on the part of one, whereby another is sought to be deprived, by unjustifiable means, of what he is entitled to," is properly refused as being calculated to confuse the jury.

APPEAL from the Criminal Court of Pike.

Tried before the Hon. E. B. WILKERSON.

The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court at the request of the solicitor gave to the jury the following written charge: "The court further charges the jury that, in determining the guilt or innocence of the defendant, the jury must look to the whole of the evidence, and particular facts can not be singled out to the exclusion of the other, and no verdict should be rendered on a part of the evidence." The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give at his request the general affirmative charge in his behalf, and the following written charge: "Fraud implies a willful act on the part of one, whereby another is sought to be deprived, by unjustifiable means, of what he is entitled to."

T. L. BORUM and D. A. BAKER, for appellant, cited *Aldridge v. State*, 88 Ala. 113; *Copeland v. State*, 97 Ala. 30; *Polkinghorne v. State*, 7 So. Rep. (Miss.) 347; *De-Phue v. State*, 44 Ala. 32.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Ward v. State*, 78 Ala. 441; *Perry v. State*, 78 Ala. 22; *Finch v. State*, 81 Ala. 41; *Crawford v. State*, 112 Ala. 2.

COLEMAN, J.—The defendant was tried and convicted for a violation of section 4772 of the Criminal Code of 1896 (Code of 1886, § 3849), which makes it a

[McGee v. The State.]

criminal offense for any person to "fraudulently exhibit any false samples of any cotton, * * * by means whereof any person is injured," etc.

There was no error in permitting a witness to testify that the bale of cotton from which the sample was taken, "was mixed packed, being better on one side than on the other." This evidence was material and tended directly to sustain the charge upon which the defendant was being tried. There was other evidence in the cause which tended to establish the same fact, admitted without objection. This was the only exception to the ruling of the court as to the admission of evidence.

We are of opinion the court did not commit a reversible error in charging the jury as requested by the solicitor prosecuting for the State. The proposition of law intended to be asserted by the charge is, that in making a verdict the jury should take into consideration all the evidence admitted by the court in the case, and should not render a verdict upon consideration of a part only. The meaning is not aptly expressed, but it bears the construction we have given it, and as thus construed asserted a correct proposition of law. If the defendant apprehended that it would mislead the jury, it was his right and privilege to request an explanatory charge.

The general charge requested by the defendant was properly refused. There was evidence that Jenkins, examined as a witness, was a member of the firm of Dykes, Jenkins & Co., alleged to have been injured by the false sample. No objection was raised to the sufficiency of the complaint upon which the defendant was tried, and there was evidence that the bale contained cotton of different grades, and the defendant admitted that he knew its condition at the time he exhibited the sample and sold the cotton.

The court did not err in refusing the charge requested by the defendant, not that the charge did not assert a correct proposition of law, but its phraseology was calculated to confuse the jury. Charges for juries should be written in language simple and easily understood. *Hughes v. Anderson*, 68 Ala. 280; *L. & N. R. R. Co. v. Hall*, 87 Ala. 708; *Harmon v. McRae*, 91 Ala. 401.

It often happens that judges in writing opinions, and authors of legal text books in discussing or defining

propositions of law, express. themselves in language wholly unsuited for the purposes of instructions. to juries. The court would not have committed an error of law by giving the charge, but it does not follow, that the court was bound to give the charge as framed.

Affirmed.