### J. R. EDWARDS v. THE STATE.

#### 4083. Decided February 26, 1908.

**Forgery—Passing Forged Instrument—Identical Names—Indictment.**

Where upon trial for passing a forged instrument, it appeared from the record that the name of the defendant to the alleged forged check was identical with the name of another whose name he was alleged to have forged, he was nevertheless guilty of forgery where the evidence showed that it was his intent to have the check received as the instrument of such other person, and it was no defense that the names were identical, and the indictment was sufficient and sustained by the proof.

Appeal from the District Court of Taylor. Tried below before the Hon. J. H. Calhoun.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. D. Scarbrough,* for appellant.—Upon question of indictment and sufficiency of proof: Lynch v. State, 41 Texas Crim. Rep., 209; 53 S. W. Rep., 693; Womble v. State, 39 Texas Crim. Rep., 24; 44 S. W. Rep., 827; Cagle v. State, 44 S. W. Rep., 1097; Peasley v. State, 47

S. W. Rep., 991; Anderson v. State, 20 Texas Crim. App., 599; Martin v. State, 16 Texas Crim. App., 240.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of passing a forged instrument, and his punishment assessed at confinement in the penitentiary for two years.

The indictment contains four counts. The jury convicted appellant on the fourth count, which reads as follows: "And the grand jurors aforesaid, upon their oaths aforesaid, do further present in and to said court that J. R. Edwards, on or about the 2nd day of April, A. D., 1907, in said county and State, did wilfully, knowingly and fraudulently pass as true to one L. E. Martin, a false and forged instrument in writing which had theretofore been made without lawful authority, and with intent to defraud, and was then of the tenor following:

"Merkel, Texas,..........190..     ....No.
The First National Bank of Merkel,
         Pay to Samuel Killston........or bearer $32.45
Thirty Two and 45–100........Dollars.
                                        "J. R. Edwards."

And which said instrument in writing the said J. R. Edwards, then and there well knowing to be false and forged, he the said J. R. Edwards, did pass the same as true, in this, that he, the said J. R. Edwards did pass the same as being a check or an order given by J. R. Edwards of Newman, Fisher County, Texas, and represented at the time he so passed it that it was given by the J. R. Edwards of Newman, Fisher County, Texas, and he did so pass the same with the intent to injure and defraud, against the peace and dignity of the State.
                    "W. S. Chinn, Foreman of the Grand Jury."

The facts in this case are, in substance, as follows: L. S. Martin testified: "I live in Merkel, Texas. I have seen the defendant, J. R. Edwards; saw him about the first of April, 1907, at Merkel, at Hogue-Hamilton & Company's store where I was working. (Witness is handed check in question.) I have seen that check before; saw it at Hogue-Hamilton & Company's store. I cashed that check after I received it, and received it from a party representing himself as Samuel Killston, and which was the defendant here. I got that check from him. The defendant came into the store about the 1st or 2nd day of April of this year, and bought a little bill of goods, some six or eight dollars' worth, and handed me this check for the payment. And I asked him who Mr. Edwards was, and he said that he was a farmer living in Fisher County, near Newman; and then I asked the defendant his name, and he said, Samuel Killston. Then I asked a Mr. Young, a young man there in the store, if he knew Mr. Edwards, and he stated that he did not. So

then I 'phoned down to the bank, and asked them if J. R. Edwards' check was good for this amount, and they said the check was all right, and then I cashed it. All this happened at Merkel, in Taylor County, State of Texas, on or about the 2nd day of April, 1907. I saw the defendant write the signature, "Samuel Killston," .on the back of the check. He made that endorsement on there."

J. R. Edwards, another witness for the State, testified as follows: "I live at Merkel, Texas. I live at a little place called Newman, in Fisher County, Texas, about the 2nd day of April, 1907, was farming up there. I know the defendant here, J. R. Edwards. (Witness is handed a check, being same one set out in the indictment.) I did not write that check; that is not my signature to it. I did not give that check to the defendant. I neither signed that check or gave it to the defendant. The check is on the First National Bank of Merkel. At that time I had an account with that bank, and I was known to the bank officials there. That is the signature of the defendant on the check. That is his name; that is his initials to the check. I suppose he has a right to sign his name to that check or to anything that he wants to. At that time his home was with me at Newman or near there in Fisher County, Texas. He had been working there on the farm for me, picking cotton."

L. S. Martin, being recalled, testified as follows: "I do not know that the defendant said anything to me about where he got the check when he presented it to me. I simply asked him who Mr. Edwards was, and where he lived. I do not know whether I asked him if Mr. Edwards gave him the check or not. I have stated on my direct examination about all that was said between us, about his buying the bill of goods, etc. I asked about where Mr. Edwards was and where he lived, and he said he was a farmer living in Fisher County, near Newman. I asked him how long he had been with Mr. Edwards and he said about two months. He simply told me that was J. R. Edwards' name, of Newman, Fisher County, Texas, and I took the check on that."

R. O. Anderson, a witness for the State, testified: "I know J. R. Edwards here in the courtroom, but I do not know the defendant here personally. On or about the 2nd of April, 1907, I was cashier of the First National Bank of Merkel, Texas. The defendant, J. R. Edwards here, had no account with the First National Bank of Merkel."

The defendant to the last statement above, about the account, objected, because the same shows no connection with the alleged forgery. The indictment alleges that it "purports to be the act of another," and there is nothing in the allegation of the indictment that the defendant had an account there, or that this conviction could depend upon the defendant having an account there, which objection was overruled by the court. The witness continuing:

"The other J. R. Edwards had an account there, and I am well acquainted with him." J. R. Edwards, being recalled, said he did not authorize defendant to sign his name to this check or any check.

Thereupon, the State offered in evidence the check and appellant's counsel objected to same, for the following reasons: The first count in the indictment alleges that the instrument purports to be the act of another, while the evidence of the State conclusively establishes the fact that the name in the instrument is not the name of another, but is the name of the defendant himself; it is the defendant's own name. There is no evidence in this record that the defendant wrote that check. Again, appellant objected because it is not made to appear upon which count the State proposes to introduce this check in evidence. And, further, the check is not admissible in evidence, because it shows that it is not dated. If there is any date, it is 190, and it devolves upon the State to establish the date of it as alleged in the indictment, and it has not been done. Furthermore, appellant objected because the instrument does not purport to be the act of J. R. Edwards of Newman, Fisher County, Texas. Appellant further objects to the testimony of witness, Martin, above detailed. The above is substantially all of the testimony and appellant's insistence in this record.

We note that the assistant attorney-general suggests that probably the indictment is defective, in that same does not contain an innuendo averment to the effect, that J. R. Edwards, whose act the instrument purports to be, is not alleged in the indictment to be another and a different party and a different man from the J. R. Edwards, who is indicted in this case. As stated above, the verdict was upon the fourth count in the indictment, which charges knowingly and fraudulently passing as true a forged instrument, which was theretofore made without lawful authority. We hold that the indictment is sufficient. It will be seen from an inspection of the fourth count in the indictment that it states that the appellant represented at the time he so passed the instrument, it was given by J. R. Edwards of Newman, Fisher County, Texas, and he did so pass same with the intent to injure and defraud. In the first place, the indictment is sufficient. To constitute a valid indictment, the instrument must purport to be an act of another and the indictment must so allege, and must name the person whose act it purports to be. The indictment in the count under consideration is a fac simile copy of the form of indictment laid down by the authorities of this court, with the exception that the indictment is against J. R. Edwards, and it alleges that the said J. R. Edwards forged the name to pass as true, a forged instrument purporting to be the act of J. R. Edwards of Newman, Fisher County, Texas. Then the question arises, can one forge another's name, which other has the same name with the party perpetrating the forgery, or passing the forged instrument? We hold that he can. If there are two persons of the same name, and one of them signs that name to a note with the intent that the note may be used in trade as the note of the other, the act is forgery. Barfield v. State, 24 Ga., 127; see also American Decisions, vol. 74, p. 49. One who signs his name to an instrument, though it be identical wiht the name of another, is guilty of forgery, if the intent be

to have it received as the instrument of such other person, and the instrument may ·be of legal efficacy. Falsely personating another and signing his name is forgery. So it has been held that a forgery may be committed though the names are not identical but merely idem sonans. 13 Am. & Eng. Enc. of Law, 1089. The evidence in this case clearly shows that appellant passed as true, with a fraudulent purpose, the instrument in question, and received goods and money thereon; that he stated· his name was differnt from what it was, and evidently held out the idea and conveyed the impression that the signature to the check was different from his own name. In fact, he gave the name of Samuel Killston, and represented to the party to whom he gave the check, that the man who signed it, was J. R. Edwards of Newman, Fisher County, Texas, who was known, according to the evidence, to be a man of means; and appellant had no means, but was merly a hireling and a nephew of the said J. R. Edwards, and the whole testimony discloses a fraudulent purpose and an intent to defraud, and comes within the clear purview of the statute. We hold that it is no defense to the charge, that the name of appellant is the same as the name of the person whose name he forged. See Peel v. State, 35 Texas Crim. Rep., 358.

We find no error in this record to authorize a reversal of the case. The charge of the court is correct. The evidence amply supports the verdict, and the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]