### Ex parte STATE ex rel. ATTORNEY GENERAL.

### WILLIAMS v. STATE.

### (7 Div. 495.)

(Supreme Court of Alabama. June 26, 1924. Rehearing Denied Oct. 16, 1924.)

**1. Forgery ⊜4 — Elements of "forgery" stated.**

To constitute "forgery," there must be a false making, which may be accomplished by fraudulent application of false signature to a true instrument or real signature to a false instrument, and essence of forgery is intent to injure or defraud, and it is of no consequence whether counterfeited instrument be such as if real would be effectual to purpose it intends, so long as there is a sufficient resemblance to impose on those to whom it is uttered.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Forgery.]

**2. Forgery ⊜21—One procuring another to write instrument and afterwards uttering it as genuine guilty of forgery.**

It is not necessary, for conviction of forgery, for state to show that defendant himself wrote forged order, since, if with intent to utter it he procured another to write it and afterwards uttered it as genuine, he would be as culpable as though he himself had written it.

**3. Forgery ⊜21—Instruction that if defendant procured another to indorse note and negotiated it as having been indorsed by another with same name, and with intent to defraud, he would be guilty of forgery, held proper.**

In prosecution for forgery, instruction that, if defendant procured another to indorse a note and defendant negotiated it as note having been indorsed by third person with same name as indorser and as constituting a liability against him, "and that was done with intent to defraud," defendant would be guilty of forgery, held not erroneous.

Certiorari to Court of Appeals.

Albert Williams was convicted of forgery and appealed to the Court of Appeals. The judgment of conviction being there reversed and the cause remanded, the State, on the relation of its Attorney General, petitions for certiorari to the Court of Appeals to review and revise its judgment and decision in the case of Williams v. State, 20 Ala. App. 337, 104 So. 38. Writ awarded.

See, also, Ex parte Williams, post, p. 145, 104 So. 44.

The portion of the oral charge of the court involved is as follows:

"In other words, gentlemen · of the jury, if you find from the testimony in this case that this note was in fact signed by defendant's witness W. H. Irwin, which fact was known to the defendant—that is, signed as an indorser by W. H. Irwin, the defendant's witness, and the defendant negotiated this note or transferred and delivered this note to the First National Bank of Gadsden as a note having been indorsed by W. H. Irwin, the state's witness, and as constituting a liability against W. H. Irwin, the state's witness, and that was done with the intent to defraud, and was within 3 years before the finding of this indictment, and in this county, this defendant would be guilty as charged in this indictment."

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for petitioner.

The clause as used in the excerpt, "with intent to defraud," was referable to both the indorsement and the negotiation of the note. Ex parte State, 207 Ala. 585, 93 So. 382. The excerpt was correct; it is a forgery to represent a party to a genuine instrument as being another person. 12 R. C. L. 144; 22 Am. Dec. 308 note; State v. Wheeler, 20 Or. 192, 25 P. 394, 10 L. R. A. 779, 23 Am. St. Rep. 119; Comm. v. Foster, 114 Mass. 311, 19 Am. Rep. 353; Comm. v. Baldwin, 11 Gray (Mass.) 197, 71 Am. Dec. 703; Barfield v. State, 29 Ga. 127, 74 Am. Dec.

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

50; People v. Russing, 130 Cal. 449, 62 P. 742, 80 Am. St. Rep. 141; State v. Farrell, 82 Iowa, 553, 48 N. W. 940.

W. J. Boykin, of Gadsden, and C. W. Peters, of Miami, Fla., H. A. Ferrell, of Seale, and R. T. Goodwyn, of Montgomery, opposed.

Forgery is the false making or material altering of a writing. Dixon v. State, 81 Ala. 61, 1 So. 69; Hobbs v. State, 75 Ala. 1; Harris v. State, 19 Ala. App. 484, 98 So. 316; 7 Michie's Ala. Dig. 477, p. 1.

THOMAS, J. The indictment contained counts for forgery and for the uttering of a forged instrument. Code 1907, §§ 6909, 6910. Defendant was convicted of forgery in the second degree.

It is provided by statute (Code 1907, § 6910) that any person who, with intent to injure or defraud (1) falsely makes, alters, forges, counterfeits, or totally obliterates any instrument in writing catalogued in the statute, being or purporting to be the act of another, by which any right or interest in property is, or purports to be, transferred, conveyed, or in any way changed or affected, or (2) falsely makes, alters, forges, etc., any bond, bill-single, bill of exchange, promissory note, or any indorsement thereof, the forgery of which does not constitute forgery in the first degree, or (3) falsely makes, alters, forges, etc., any receipt, etc., or any instrument or writing, being or purporting to be the act of another, by which any pecuniary demand or obligation is or purports to be created, increased, discharged, or diminished, or (4) with such intent, utters and publishes as true any falsely made, altered, forged, or counterfeited instrument, writing, indorsement, or entry specified in that section, is guilty of forgery in the second degree.

When the oral charge is considered as a whole, was there error in submitting to the jury that phase of the evidence, under counts of the indictment, for forging and uttering as true a counterfeit instrument as the act and obligation of the state's witness W. H. Irwin? The authorities collected in Corpus Juris, vol. 21, p. 899, and note 43, support this charge of the court, and our statutes are broad enough to cover such offense as forgery in the second degree. Edwards v. State, 53 Tex. Cr. R. 50, 108 S. W. 673, 126 Am. St. Rep. 767, 771; 13 Am. & Eng. Ency. of Law, 1089; Peel v. State, 35 Tex. Cr. R. 308, 33 S. W. 541, 60 Am. St. Rep. 49; Beattie v. National Bank of Illinois, 174 Ill. 571, 51 N. E. 602, 43 L. R. A. 654, 66 Am. St. Rep. 318; United States v. Long (C. C.) 30 F. 678; People v. Peacock, 6 Cow. (N. Y.) 72,

[1] A consideration of the cases will disclose as elements of forgery (1) that there must be a false making—and this may be accomplished by "the fraudulent application of a false signature to a true instrument, or a real signature to a false" instrument; (2) that the essence of forgery is an intent to injure or defraud when the act complained of is done (Agee v. State, 113 Ala. 52, 21 So. 207; Denson v. State, 122 Ala. 100, 26 So. 119), and it is not necessary that any actual injury should result from the offense (Denson v. State, supra); and (3) it is of "no consequence whether the counterfeited instrument be such as if real would be effectual to the purpose it intends so long as there is a sufficient resemblance to impose on those to whom it is uttered." Burden v. State, 120 Ala. 388, 25 So. 190, 74 Am. St. Rep. 37, L. R. A. 1918B, p. 1192, note; 7 Ency. Dig. Ala. Rep. 477.

[2] This court has held that it is not necessary for a conviction of forgery for the state to show that defendant himself wrote the forged order, since if, with intent to utter it, he procured another to write it, and afterwards uttered it as genuine, he would be as culpable as though he himself had written it. Koch v. State, 115 Ala. 99, 22 So. 471; Elmore v. State, 92 Ala. 51, 9 So. 600; Gooden v. State, 55 Ala. 178; State v. Chance, 82 Kan. 388, 108 P. 789, 27 L. R. A. (N. S.) 1004, 20 Ann. Cas. 164.

As there are apparently conflicting general authorities on the subject for consideration, it would be well to have in mind the common-law definition of forgery. Mr. Blackstone defined forgery to be the fraudulent making or altering of a writing to the prejudice of another man's right. 4 Com. star page 247: 2 Cooley's Blackstone (2d Ed.) 451. See The King v. Parker, 2 Leach (4th Ed.) 775; Comm. v. Ray, 3 Gray (Mass.) 441.

It is declared, in United States v. Long (C. C.) 30 F. 678, on the Blackstone definition, that—

"One may be guilty of forgery if he fraudulently signs his name, although it is identical with that of the person who should have signed. Thus, if a bill of exchange is payable to A. B., or order, and it comes to the hand of a person named A. B. who is not the payee, and who fraudulently indorses it for the purpose of obtaining the money, this is a forgery."

And, in People v. Peacock, 6 Cow. (N. Y.) 72, it is held that, where certain coal consigned to P. of New York arrived in New York and was claimed by another of the name of P., who resided in the same city, but was not the true assignee thereon, and he, knowing this, "obtained an advance of money, on indorsing the permit for the delivery of the coal with his own proper name," "was forgery, *and not the merely obtaining of goods upon false pretenses.*" (Italics supplied.)

In Commonwealth v. Foster, 114 Mass. 311, 320, 19 Am. Rep. 353, the elements of forgery are considered, it being declared that (1) it matters not by whom the signature is attached (if it be attached as his own), if it is

prepared for the purpose of being fraudulently used as the note of another person, it is falsely made; that (2) where there has been no subsequent alteration the fraudulent intent must attend the making of the instrument; and (3) that it is not necessary that the fraudulent intent should be in the mind of the one "whose hand holds the pen in writing the signature if that is done at the dictation or request of another, and for his purposes and use, and his designs are *fraudulent so as to make it forgery* if he had written it himself, then the instrument is a forged one." (Italics supplied.) Comm. v. Stevens, 10 Mass. 181; Comm. v. Ray, 3 Gray, 441. The court there said:

"The circumstance that the person so employed bore the same name as that subscribed to the instrument makes it necessary that it should be made to appear not to have been a genuine transaction; and that the signature was not attached to the paper as a contract of the one who wrote it. If he signed it, without understanding its purpose, thoughtlessly, or from unfamiliarity with business matters, or being himself deceived, he might not be guilty of a criminal offense, and yet the instrument might be a forgery, so that one who procured it to be so made might be convicted either of the crime of forgery or of uttering a forged instrument."

In Commonwealth v. Costello, 120 Mass. 358, 370, 371, the Justice declared:

"The essential element of forgery consists in the intent, when making the signature or procuring it to be made, to pass it off fraudulently as the signature of another party than the one who actually makes it. If this intent thus to personate another exists, the instrument is still a forgery, even if the name affixed is actually the same name with that borne by the party who signs it. So there may be a forgery by the use of a fictitious name, as well as by the use of a person's own name, if the intent exists to commit a fraud by deception as to the identity of the person who uses the name. 2 East P. C. 941, and cases cited. Mead v. Young, 4 T. R. 28; Regina v. Rogers, 8 C. & P. 629; Rex v. Whiley, Russ. & Ry. 90; Commonwealth v. Foster, 114 Mass. 311. Where a party signs a name not his own, but one which he has adopted, using it without the intent to deceive as to the identity of the person signing, it is not a forgery. Rex v. Bontien, Russ. & Ry. 260, and cases cited; Rex v. Peacock, Russ. & Ry. 278, 282."

In the case of Beattie v. National Bank of Illinois, 174 Ill. 571, 51 N. E. 602, 43 L. R. A. 654, 66 Am. St. Rep. 318, the holding was:

"An indorsement of a bill of exchange, negotiable only by indorsement, by a party who knows he is not the real payee though he bears the same name, is a forgery."
"An indorsement of a bill of exchange, payable to order, by a person who bears the name inserted as payee but who knows he is not the real payee, is no less a forgery because the real payee's middle initial differs from the indorser's, which corresponds to the one inserted in the bill."

The two Texas cases cited supra are in point. In Peel v. State, 35 Tex. Cr. R. 308, 33 S. W. 541, 60 Am. St. Rep. 49, it is said:

"On a trial for forgery, where it appeared that two parties, the one living in H. county, the other in M. county, had identically the same name, to wit, T. J. P., and the defendant, who was desirous of giving an appeal bond in a civil case, which would be approved by the district clerk of T. county, was present, and with fraudulent intent, procured T. J. P., of H. county, to sign the name of T. J. P., of M. county, as a surety to said bond, and thereafter induced the said clerk of T. county to receive and approve the same, because the name of T. J. P., of M. county, who was certified to be solvent, was upon it. Held: That defendant was guilty of forgery as a principal, and it mattered not whether T. J. P., of H. county, was guilty of forgery or not."

The indictment was for uttering or passing a forged instrument in Edwards v. State, 53 Tex. Cr. R. 50, 108 S. W. 673, 126 Am. St. Rep. 767, and it appeared from the record that the name of the defendant to the alleged forged check was identical with that of another whose name he was alleged to have forged; held, guilty of forgery where the evidence showed that it was his intent to have the check received as the instrument of such other person, and that it was no defense that the names were identical.

[3] Under our statutes and decisions, and the general authorities adverted to, we hold that no error was committed by the trial court in the portions of the oral charge to which exceptions were reserved.

We may add, of the authorities cited from this jurisdiction, that they are not to a contrary effect. In Carter v. Chambers, 79 Ala. 223, 232, Judge Stone observed that we must not lose sight of the distinction between charges *given* and charges *refused*. If given (1) it is no ground of reversal if the proposition be stated too broadly for some categories, provided it correctly asserts the rule as applicable to the testimony before the jury; (2) if the tendency is to confuse or mislead the jury, this alone will not constitute reversible error; and (3) "any one of these objections will justify the refusal of a charge which is obnoxious to them." Ala. C. C. & I. Co. v. Heald, Adm'r, 168 Ala. 626, 651, 53 So. 162. In Smith v. State, 88 Ala. 23, 7 So. 103, was made an application of the stated rule (Carter v. Chambers, supra) to a charge that contained an erroneous statement of law, or that was susceptible of an erroneous construction; held, the charge was properly refused. L. & N. R. R. Co. v. Hall, 87 Ala. 708, 6 So. 277, 4 L. R. A. 710, 13 Am. St. Rep. 84; McGee v. State, 117 Ala. 229, 23 So. 797; Adams v. State,

115 Ala. 91, 22 So. 612, 67 Am. St. Rep. 17. It follows that if on analysis a given charge asserted "a correct proposition, though so stated as to have a tendency to mislead," the trial court has been held not to have committed reversible error in giving such an instruction. L. & N. R. Co. v. Hall, 87 Ala. 708, 723, 6 So. 277, 4 L. R. A. 710, 13 Am. St. Rep. 84; Croft v. State, 95 Ala. 3, 10 So. 517; A. G. S. R. R. Co. v. Jones, 71 Ala. 487; 2 Mayf. Dig., §§ 229–232.

Another phase of Smith v. State, supra, is urged—that, where a charge is susceptible of two constructions, the appellate court will adopt that construction which is least favorable to the party requesting the charge. And it is insisted that, where portions of the oral charge to which exceptions are reserved are so considered, they are subject to the foregoing rule and are misstatements of the principles of law applicable to forgery or the uttering of a forged instrument. We are not so impressed when the charge as a whole is considered, and giving to the instruction to which exception is reserved the ordinary meaning of the words employed. The instruction given hypothesized the defendant's intent to defraud (1) when the instrument was indorsed by defendant's witness Irwin, and (2) defendant's intent to defraud when he uttered the forged instrument as the indorsement of state's witness Irwin. The instruction concludes with the words, "and that was with the intent to defraud, he would be guilty as charged in this indictment"—meaning, by the use of the word "that," the doing of the acts hypothesized. (Italics supplied.) The instruction that followed was a mere continuation of the foregoing instruction. It began with, "In other words, gentlemen of the jury, if you find from the testimony in this case," etc., and concluded with the statement, "and that was done with the intent to defraud," etc. (Italics supplied.) What "was done" by the defendant with the intent to defraud? The words employed in ordinary parlance could not be misunderstood—the acts hypothesized, of the note in question, were that it (1) was signed by defendant's witness, W. H. Irwin, a fact known to defendant, and (2) that the defendant negotiated, transferred, and delivered said note to the bank as a note having been indorsed by W. H. Irwin, the state's witness, and (3) that the making of the note as indorsed, uttered, and transferred to the bank was with the fraudulent intent. That is to say, both acts—(A) that of procuring the indorsement of the note, and (B) that of its transfer to the bank—were procured and done by the defendant with the intent to defraud.

This is what the court intended, and, by the ordinary import of the language employed, did so instruct the jury.

The writ is awarded.

All the Justices concur.