ED MURPHY v. THE STATE.

No. 3358.    Decided March 14, 1906.

**Forgery—Name of Defendant—Assumed Name.**

Where upon trial for forgery the prosecution was against W, and the defendant when called upon to plead suggested his true name to be M, and from that point the prosecution was carried on in the latter name, and the evidence showed that he also went under the name of W and several other names, and that he signed the instrument alleged to have been forged under the name of M, which he contended was his true name; held that all this character of evidence having been introduced by the State to show defendant's method and that his true name was not M; and all the facts having been submitted under a proper charge, the conviction was sustained.

Appeal from the District Court of Colorado. Tried below before Hon. M. Kennon.

Appeal from a conviction of forgery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Edwin E. Malsch,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged under the name of C. E. Williams with forgery. When called upon to plead, he suggested his true name to be Ed Murphy, and from that point the prosecution was carried on in the name of Ed Murphy. The only ground of the motion for new trial (there being no assignment of error), is that the evidence is not sufficient to support the conviction. The fact that the instrument was executed by appellant is placed beyond any question by the eye-witness, and by appellant in his own testimony. The draft which was the basis of the prosecution, was signed Ed Murphy by appellant. He insists that having signed the name, Ed Murphy, and that being his true name, he could not be guilty of forgery. If these were the admitted facts, or the true facts, he would be correct. The name signed must be that of some person other than he who executes the instrument, though it may be a man of the same name, if by signing that name he intended to defraud. It is not forgery to sign

one's own name. The evidence through various witnesses, showed that his name was C. E. Williams; that he also endorsed another written instrument, under the name of F. P. Hinote; that he was sent to the penitentiary in Missouri, under the name of C. R. Welsch; that he also rendered his name as a railroad hand under the name of E. J. Joseph; that it was not certain that he passed under the name of Kid Nash; but it is shown that while at work on the railroad appellant took different names. Appellant went into some explanations with reference to these names, why he was going under such assumed names, and that he knew Hinote, whose name he signed in securing money, under the plea of being an Odd Fellow; that Hinote lived in the State of Washington, that Hinote had authorized him to secure help from his brother Odd Fellows, and induced appellant to take his Odd Fellow's card to obtain money and sign his (Hinote's) name. All this character of evidence was introduced by the State to show appellant's methods, and to show his name was not Ed Murphy. All matters were appropriately submitted by the court in his charge to the jury—at least there is no complaint on the part of appellant to the failure of the court to charge the law applicable to the facts. If the jury had seen proper to have believed his statement, they would have acquitted; but they did not, and the evidence justified them in discrediting or disbelieving his testimony.

The judgment is therefore affirmed.　　　·

*Affirmed.*