## DEWEY PARVIN V. THE STATE.

No. 18888.   Delivered March 24, 1937.

The opinion states the case.

*L. B. Fowler,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for forgery, punishment assessed being two years in the penitentiary.

It was charged in the indictment that on August 15th, 1936, appellant forged a check for $20.00 drawn against the Commercial State Bank of Nacogdoches, Texas, payable to W. R. Bowdon, and signed "J. E. Bailey, Jr."

The facts may be stated as follows: Bowdon was in the jewelry business in Nacogdoches.   On the date mentioned in the check at about eight o'clock Saturday night appellant went into Bowdon's place of business and negotiated for a ring, the price of which amounted to $20.00.   Appellant executed the check in question, and signed it in the presence of Bowdon. When the check was tendered in payment appellant was told by Bowdon that he did not know appellant, who then claimed that Bowdon ought to know him as he had bought a watch from Bowdon at Christmas.   Bowdon was unable to recall the circumstance, and appellant then represented that he was the

son of Ellis Bailey whom appellant said lived on Route 2 out of Nacogdoches, and had been living there for sixty-six years, and that appellant had been reared out there on the farm. Appellant left the store with the ring. Bowdon was still disturbed about the check and got in communication with an employee of the bank on which the check was drawn, and ascertained that J. E. Bailey, Jr., had no account at said bank, and that no Ellis Bailey lived on Route 2. The matter was reported to the officers who arrested appellant in Kilgore on the following Tuesday, and the ring was recovered. It was shown by evidence on the trial that no Ellis Bailey nor J. E. Bailey, Jr., lived on Route 2. Appellant did not testify and introduced no evidence. In this respect the record here is different from cause No. 18,876, Parvin v. State, also this day decided (page 172 of this volume).

The court charged the jury that if they believed or entertained a reasonable doubt that the party who signed the check was "J. E. Bailey, Jr." to acquit appellant. Objection was urged to the charge because the court declined to instruct the jury that it was to be presumed that the name of appellant was "J. E. Bailey, Jr." because he had so signed said check. This would have been a direct charge on the weight of the evidence under the facts here present, and was properly refused.

It appears from bill of exception number two that the county attorney while making his opening argument said to the jury that "the jail records show that the defendant's name was Dewey Parvin." Objection was urged at the time the argument was made on the ground that there was no evidence to support it. The court declined to withdraw the argument at the time, but within ten minutes after the jury had received the case and retired to consider it the court concluded that the argument had been improper and then withdrew it. The statement should not have been made by the county attorney in the absence of supporting evidence and the court should have promptly withdrawn it. However, we scarcely see how the statement, though improper, can under the facts be held to present reversible error. Appellant, without objection, had gone to trial under an indictment naming him as Dewey Parvin. The material inquiry was not whether he had been properly named in the indictment, but whether his name was J. E. Bailey, Jr. The evidence appears undisputed either that such was not his name, or that he was not the Bailey he represented himself to be. See Tex. Jur., Vol. 19, p. 832; Edwards v.

State, 53 Texas Crim. Rep.,50, 108 S. W., 673; Murphy v. State, 49 Texas Crim. Rep., 488, 93 S. W., 543.

Bill of exception number three complains of argument of the district attorney. We see nothing in the argument that brings it within the rule of the cases cited by appellant. There seems to be no merit in such complaint.

The judgment is affirmed.

*Affirmed.*