### DEWEY PARVIN V. THE STATE.

No. 18876. Delivered March 24, 1937.

The opinion states the case.

*L. B. Fowler,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for passing a forged instrument; punishment being two years in the penitentiary.

It was alleged in the indictment that appellant knowingly passed as true to Mrs. Agnes Rodgers the following forged instrument.

"Nacogdoches, Texas 8-15-1936.

"Commercial State Bank, Pay to the order of

J. D. Penney Co.    $6.94    Six and 94/100___Dollars

"(Signed)   J. E. Bailey, Jr. R. No. 2."

The facts show that Mrs. Rodgers was employed at the store of J. C. Penny in Nacogdoches.   About eight-thirty o'clock on the night of August 15th, 1936, appellant went into said Penny store, purchased some merchandise, and executed and tendered in payment the check in question, representing to Mrs. Rodgers that he was the son of Mr. Bailey "who lived out about North Church on Route 2." Appellant had in his hand a package which came from Bowdon's jewelry store, and told Mrs. Rodgers it was his wedding ring and that he was going to get married. The check in question was not paid and Mrs. Rodgers had to make it good.   Mr. Bowdon's testimony was that appellant came into his store, made practically the same representations to him and passed a check to him for $20.00 (Bowdon's evidence will be found set out in Parvin v. State, No. 18,888, opinion this date) (page 170 of this volume).   At the time appellant was arrested he gave his name as Dewey Parvin, the name under which he was indicted.   The State introduced several witnesses, among them the rural mail carrier on Route 2, who were shown to be well acquainted generally over Nacogdoches County, none of whom knew any J. E. Bailey, Jr., or Ellis Bailey, who lived on Route 2, near North Church, or in the county. Mrs. Porter testified for appellant that she was a half-sister of appellant and that his name was James Everett Bailey, Jr.; that he was a son by her mother's first marriage; that she was a daughter of the second marriage, her mother's second husband having been George E. Parvin.   Mrs. Cole testified that she was also a half-sister of appellant; and a half-sister to Mrs. Porter; that she was a daughter of her mother's third marriage to Arthur Henry Raines; that appellant was named James Everett Bailey, and was a son of her mother's first marriage; that appellant served in the world war under the name of Parvin.   Vernon Eason and Clyde E. Eason, brothers, testified that they had known appellant for about 17 years, and that his name was J. E. Bailey.

The court instructed the jury that if they believed or entertained a reasonable doubt that the party who signed the check was "J. E. Bailey, Jr.," to acquit appellant.   This issue was decided in the State's favor.

Appellant complained because the court did not tell the jury that appellant's name was presumed to be J. E. Bailey,

Jr.  Such an instruction would have been on the weight of the evidence and was properly refused.

Appellant contends that the evidence does not support the conviction, he apparently assuming that the evidence was uncontroverted that his real name was that signed by him to the check and that if he signed his own name he could not be guilty of forgery.  We do not understand the law to be so broad as apparently contended for by appellant.  A person commits an act of forgery when he signs his own name with the purpose of having it appear that the instrument so made is the act of another person of the same name, if the act is done with intent to defraud.  See 19 Tex. Jur., page 832; Murphy v. State, 49 Texas Crim. Rep., 488, 93 S. W., 543; Edwards v. State, 53 Texas Crim. Rep., 50, 108 S. W., 673; Carnahan v. State, 110 Texas Crim. Rep., 550, 9 S. W. (2d) 1034; Peel v. State, 35 Texas Crim. Rep., 308; Ware v. State, 124 Texas Crim. Rep., 639, 65 S. W. (2d) 310; Corpus Juris, Sec. 8d, page 899; 12 Ruling Case Law, Sec. 7, page 144.  That appellant intended to defraud when he signed the check is not open to question.  Furthermore, the record shows that neither appellant nor his father lived on Route 2 near North Church. When appellant signed the check he purportedly signed the name of a man whose father lived at the designated place, and whose son appellant represented himself to be.  Whether the "J. E. Bailey, Jr." whom appellant represented himself to be was a real or fictitious person would be immaterial, it being perfectly clear that appellant made it appear that the signing of the check was the act of such other, and therefore the making of the check "purported to be the act of another."

Finding no error in the record, the judgment is affirmed.

*Affirmed.*