F. E. Smith, *alias* Floyd Smith v. The State.

No. 20526. Delivered June 14, 1939.

The opinion states the case.

*L. B. Cooper,* of Cotulla, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is passing a forged instrument; the punishment, confinement in the penitentiary for five years.

The check upon which the indictment is predicated was made payable to Floyd Smith, It is signed: "Smith Drilling Contractor, by F. E. Smith." The sufficiency of the indictment is attacked upon the ground that it is made apparent from the averments thereof that the appellant went by the name of both Floyd Smith and F. E. Smith, and that the instrument described was signed with one of these names; that it therefore appears from the averments of the indictment that the alleged instrument did not purport to be the act of. another, but purported to be the act of the appellant. In support of his contention that the indictment is insufficient appellant cites Carnahan v. State, 9 S. W. (2d) 1034, in which it was held that when the alleged forged instrument purports to bear the true signature of the accused, an offense is not charged in the absence of an explanatory averment making plain the fact that, while the signature appears to be that of the accused, it is in fact an imitation of that of another person. We think the Carnahan Case is distinguishable from the case at bar. Here the indictment on its face shows that the appellant in-

tended to bind Smith Drilling Contractor. See Parvin v. State, 103 S. W. (2d) 773. We deem the indictment sufficient.

The statement of facts was not approved by the trial judge. The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.