# THE ATTORNEY GENERAL
## OF TEXAS
Grover Sellers        AUSTIN 11, TEXAS
~~JOHN BEN SHEPPERD~~
ATTORNEY GENERAL


Hon. Winston P. Brummett
County Attorney
Dickens, Texas

Opinion No. O-6567
Re: Under the facts set forth,
which articles under our Penal
Code have been violated; forg-
ery; swindling or theft by
false pretext?

Dear Sir:

      Your recent request for an opinion of this depart-
ment reads, in part, as follows:

      "'What, or which, articles under our Penal
Code has been violated under the following fact
situation? Forgery? Swindling? or Theft by false
pretext?'

      "FACTS:

      "An individual with the same name of another
who had a bank account in a local bank, intercepted
the second party's bank statement through the mails
and discovered a bank balance in said second party's
account; accused cashed 3 small checks which were
accepted by said bank then proceeded to check out
the balance of said account in the approximate sum
of $1700, in the presence of the cashier of the bank
and signed the same in his presence and did receive
said money; upon being asked by said bank employee
as to how she managed to have so much money in the
bank, she stated, 'My husband and I made it.' The
accused did not misrepresent her name to any one,
she did not try to conceal her true identity, she
did not try to imitate the signature of the true
claimant of such bank account, but from all the evi-
dence it would appear that she realized she didn't
have a bank account; she had had an account with
such bank in 1942, but had closed the same out that
same year and hadn't had an account since. The 3
small checks above mentioned were all signed in ac-
cused own handwriting and with her own true name."

      After a careful consideration of the above facts,
we have concluded the accused may be guilty of both the of-
fense of forgery as defined by Article 979, V.A.P.C. and
swindling by passing a worthless check under Article 567b,
V.A.P.C.

Section 1 of Art. 567b reads, in part, as follows:

"Sec. 1. It shall be unlawful for any person with intent to defraud, to obtain any money, goods, services, labor, or other thing of value by giving or drawing any check draft, or order upon any bank, person, firm or corporation, if such person does not, at the time said check, draft, or order is so given or drawn, have sufficient funds with such bank, person, firm or corporation to pay such check, draft, or order, and all other checks, drafts, or orders upon said funds outstanding at the time such check, draft, or order was so given or drawn/ ***" (Emphasis added)

The elements of the above defined offense would appear to be present under the instant facts, in that the accused presented her check for payment, knowing at the time she maintained no deposit with said bank, and that the check was worthless. This transaction when completed manifested the accused's ever present intent to defraud. (See Kuykendall v. State 160 S.W.2d 525).

Article 979 V.A.P.C. reads as follows:

"He is guilty of forgery who without lawful authority, and with intent to injure or defraud, shall make a false instrument in writing purporting to be the act of another, in such manner that the false instrument so made would (if the same were true) have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred or in any manner have affected any property whatever."

Numerous authorities have well settled the proposition that a person may be guilty of violating the above statute when fraudulently signing his or her own name, with the purpose of having it appear that the instrument so made is the act of another having the same name. On this point we invite your attention to the following: Edwards vs. State (Tex.Cr.App.) 108 S.W. 673; Parvin vs. State (Tex.Cr.App.) 103 S.W.2d 773; U.S. vs Long (C.C.) 30 Fed. 678.

It is true that some decisions would appear to indicate an opposing view, however, it is our opinion that the case of Carnahan vs. State, 9 S.W.2d 1034, reference to which is made in your request, does not conflict with the weight of authority but turns on the sufficiency of the indictment. (See Parvin vs. State, supra.)

Under the instant facts the accused, aware she had no deposit with the bank, fraudulently made and uttered an instrument to obtain the money of another. The fact that the accused in obtaining said money exercised no impersonation as to the signature of the true depositor does not in our opinion render the Forgery Statute, supra, inapplicable; rather the manner in which the entire transaction was accomplished manifests the accused's intent to purport her acts as being those of the true depositor; and this intent was most cogently denoted by her statement as to the way she accumulated such a large account.

Thus it is our opinion the elements of forgery are present for which the accused is actionable.

In bringing an indictment, we suggest that allegations be made charging both offenses through inclusion of distinct counts. Thereby in the trial of the case evidence could first be submitted to prove a violation of Article 567b, V.A.P.C., and should the accused deny such a withdrawal without an existing deposit, she would appear to then render herself guilty of fraudulently forging a withdrawal from the account of the true depositor.

Of course the ultimate disposition of the case will be determined by the facts adduced upon its trial. We realize the difficulty confronting you in the state of facts you submit, and the above is written upon the assumption that the facts will develop upon trial as indicated.

Yours very truly,
ATTORNEY GENERAL OF TEXAS
By /s/ Benjamin Woodall
Benjamin Woodall, Assistant

By /s/ Bob D. Maddox
Bob D. Maddox

APPROVED JUL 2, 1945
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

BDM:zd:wb