**STATE ex rel. AUTO FINANCE COMPANY,**
a Corporation, (Plaintiff) Appellant,

v.

**JOSEPH NESSER MOTORS, INC.,**
(Defendant) Respondent.

No. 31057.

St. Louis Court of Appeals.

Missouri.

Nov. 20, 1962.

James & Hasler, John D. Hasler, St. Louis, for appellant.

Goldenhersh, Goldenhersh, Fredericks, Newman & Lane, Frank J. Lane, Jr., St. Louis, for respondent.

WOLFE, Judge.

This is an action upon a warranty of a note secured by a mortgage on a used car purchased from the defendant company. The defendant warranted that " * * * the signature of the purchaser and/or endorser, maker or comaker is/are genuine; * * *." The plaintiff contended that one signature was a forgery. The court directed a verdict for the defendant, and the plaintiff prosecutes this appeal.

The action was originally brought against a notary public, charging him with a false acknowledgment, and against his bonding company and the present defendant. Upon the trial prior to the one here considered, there was a directed verdict and a judgment for the defendant notary and his surety, and a verdict and judgment for the plaintiff upon Count 3 of his petition against the Joseph Nesser Motors, Inc. The judgment for plaintiff against Joseph Nesser Motors, Inc. was set aside on the ground that an instruction given was faulty. The present trial followed and the action here considered is against only the Joseph Nesser Motors, Inc.

The evidence presented by the plaintiff was that the auto finance company was engaged in buying notes secured by chattel mortgages on automobiles from used car dealers. It had purchased some notes so secured from Joseph Nesser Motors, Inc., the defendant, prior to the purchase of the one in question here. A Mr. Fred Nesser of the motor company phoned the president

of the finance company and asked if his company would be interested in buying a note signed by Joe L. Olive. The note was to be given in payment for an automobile and secured by a mortgage on the automobile. The finance company investigated Joe L. Olive and concluded that he was a poor credit risk, so it declined to purchase such a note. In the original information given the finance company, there was reference to Joe Olive's mother, Mrs. Iva Olive. When the president of the finance company declined to buy the note signed by Joe L. Olive alone, Mr. Fred Nesser asked if they would buy the note if it were signed by Joe Olive's mother, Iva Olive, as a co-maker. The president of the finance company told Nesser that he would check up on Iva Olive and let him know.

A check was made on the credit standing of Iva Olive, the mother of Joe. It showed her to be a person of financial responsibility. The finance company then agreed to buy the note and mortgage signed by Joe L. Olive and his mother, Iva Olive. The note was a monthly payment note, and no payment on it was ever made. After the default in payment the finance company found the automobile abandoned and took possession of it. Mrs. Olive told the finance company that she had not signed the note. She testified that she had not been asked by her son to sign the note, that she did not sign it and knew nothing about the purchase of the automobile. At the time of trial Joe L. Olive was in the penitentiary in the State of California.

As stated, the note bore the warranty:

"The undersigned represents that the signature of the purchaser and/or endorser, maker or comaker is/are genuine; that said automobile is free of all liens; that the undersigned Seller had legal title and lawful right to sell this automobile to said purchaser; that the valid certificate of title was duly assigned to purchaser according to the motor vehicle laws of this State, and that said mortgage con-

stitutes a valid lien on said automobile. Should any of the above warranties or representations be untrue, or not fulfilled, the undersigned will upon demand repurchase said chattel mortgage, and/or said note given in connection, from the holder thereof for the amount owing thereon plus any and all costs and expenses paid or incurred by any holder with respect thereto.

"(Signed) Joseph Nesser Motors, Inc.

"By Joseph Nesser, President."

After the finance company took possession of the automobile, they notified the motor company, and the motor company took the automobile and has had it at all times since. The finance company took Mrs. Olive to Nesser's home, and she told Nesser that she had not signed the note.

Demand was made by the finance company upon the motor company for them to repurchase the note and pay the expenses of the finance company in connection therewith, in accordance with the warranty. The motor company refused. The defendant put on no evidence in contradiction of any of the foregoing evidence of the plaintiff.

The court sustained the defendant's motion for a directed verdict. In ruling upon the motion the court stated:

"* * * There is testimony here, which I accept, and in this type of motion I take all of this testimony that has been introduced in favor of the plaintiff as being true and draw the reasonable inferences from it, but the fact that a lady on yesterday afternoon testified that her name was Iva Olive, I accept her as being such, but that didn't tell me that someone by the name of Iva Olive, and that the person who signed this note was not Iva Olive. It only tells me that the one that was on the stand yesterday afternoon is not the Iva Olive that signed it. The basis of the plaintiff's case and right of recovery is a misrepresentation of the genuineness of

the person and the identity of the person. I have just as much proof and would be just as much justified in finding that the person who signed it was Iva Olive as I do in finding it wasn't.

\*    \*    \*    \*    \*    \*

"\* \* \* The warranty on which they are suing here contained in this file is a part of the original petition and it contains the representations and warranties that are made. It is all in a printed form, and in that sort of situation, I don't have a sufficient question of fact to submit to the jury that the person who signed this, be a man or woman, was not Iva Olive. \* \* \*"

 The foregoing statement by the court indicates that it misconstrued the warranty which, according to all the evidence, was a warranty that Iva Olive, the mother of Joe, signed the note. The warranty went to the genuineness of the signatures of the parties that the motor company had agreed to have on the note. Since there was uncontradicted testimony that Iva Olive, one of these parties, did not sign the note, no inference can be logically drawn from the evidence that another Iva Olive signed it, nor would such an inference aid the defendant if it could be drawn. If the Iva Olive that the motor company agreed to have sign the note did not in fact do so, then the signature is forged no matter who signed her name to it.

Even proof that another Iva Olive signed the note would not relieve the warrantor. It is stated in 37 C.J.S. Forgery § 9, page 38:

"Falsely personating another and signing his name is forgery; and hence one who signs his name to an instrument, although it is identical with the name of another, is guilty of forgery if the intent is to have it received as the instrument of such other person and the instrument may be of legal efficacy."

Parvin v. State, 132 Tex.Cr.R. 172, 103 S.W. 2d 773; United States v. National City Bank of New York, D.C., 28 F.Supp. 144; Ex parte State ex rel. Attorney General, 213 Ala. 1, 104 So. 40.

 A case was clearly made by the plaintiff, and the jury could have returned a valid verdict for the plaintiff if it believed the evidence presented. The court therefore erred in directing a verdict for the defendant.

The judgment is reversed and remanded for a new trial.

ANDERSON, P. J., and GEORGE P. ADAMS, Special Judge, concur.

RUDDY, J., not participating.